MARGARET B. SPARROW, JOHN C. VEDDER, AND EDWARD GRANT SPAR-
ROW, AS TRUSTEES UNDER WILL OF EDWARD W. SPARROW, DE-
CEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

MARGARET ALICIA SPARROW, INDIVIDUALLY, AND THE SAID MARGARET
B. SPARROW AND BANK OF NEW YORK AND TRUST COMPANY, AS
GENERAL GUARDIANS OF MARGARET ALICIA SPARROW, AN INFANT,
PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RE-
SPONDENT.

Docket Nos. 48782, 48783.   Promulgated September 16, 1930.

*J. M. Richardson Lyeth, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

BLACK: The petitioners are all interested either as fiduciaries or
beneficiaries under the will of Edward W. Sparrow and have filed
a joint petition based on two deficiency letters, one to the trustees
under the will of Edward W. Sparrow, and the other to Margaret
Alicia Sparrow. The respondent has moved that petitioners be
required to file separate petitions, one in behalf of the trustees
under the will of Edward W. Sparrow, and the other by Margaret
Alicia Sparrow.

It is alleged in the petition as follows: "This petition is made
jointly by the several taxpayers for the reason that all of the
deficiencies in tax asserted by the Commissioner of Internal Revenue
in the several letters above referred to result from changes either
in the net income of the trustees under the will of Edward W.
Sparrow, deceased, or in the method of apportionment of such
income to Margaret B. Sparrow and Bank of New York and Trust
Company as guardians for Margaret Alicia Sparrow, and dupli-
cation can be avoided by joining all of the petitioners in a single
petition."

We have recently decided in *Percy N. Powers et al.*, 20 B. T. A.
753, and *Jacob Held, Jr., et al.*, 20 B. T. A. 863, that the rules of
the Board do not provide for the filing of a joint petition and that
separate petitions must be filed based on each deficiency notice. If
in the preparation and trial of the cases it is expedient that they be
consolidated and heard together, that may be done.

The motion of respondent to require separate petitions to be filed
is sustained and sixty days time is allowed to comply therewith.