JOHN W. EGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100587. Promulgated January 30, 1940.

*E. M. Woolf, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The petitioner received three separate notices of deficiency, each for a different year—1936, 1937, 1938—and within the statutory period of 90 days after the mailing of the earliest notice he filed a single petition assailing all deficiencies upon the same ground, viz., that they improperly denied him the statutory credit or exemption as head of a family. The total of the three deficiencies is $110, and with his petition the taxpayer paid the filing fee of $10 required by Rule 8. Under Rule 11, the proceeding was docketed; and three separate docket numbers were assigned to it. It was assumed that each notice of deficiency called for a separate petition, and the filing fee was attributed to the proceeding assigned the lowest docket number. An order was then issued upon the petitioner to show cause why the other two proceedings should not be dismissed for failure to pay the filing fee in each. There was no return to the order to show cause, and the respondent moves to dismiss.

The motion must be denied. The respondent cites *Percy N. Powers,* 20 B. T. A. 753; *Jacob Held, Jr.,* 20 B. T. A. 863; *Margaret B. Sparrow,* 20 B. T. A. 865; and *Ethel Weisser,* 32 B. T. A. 755. These decisions are quite different in that in each an attempt was made to file one petition for several persons, each of whom had received a separate notice of deficiency or transferee liability. This was held to be an unauthorized joinder of parties at variance with the language and intendment of the statute.

But there is no language touching the combining by a single individual taxpayer of his contest of several deficiencies in one petition.

Of course, the petition must as to each year be seasonably filed after the mailing of the notice of deficiency, and must otherwise satisfy the statute and the rules. But there is no reason why a single petition of a single individual taxpayer may not contain several proper counts against several deficiencies. From the standpoint of convenience and expediency, such a petition is no different from one which assails separate deficiencies determined by the Commissioner for several years the notice of which is given in a single deficiency notice, and the trial is no different from the ordinary hearing of several proceedings involving the same parties and issues. From the standpoint of the taxpayer, however, whose convenience and expense are the subjects of express legislative concern (I. R. C., sec. 1105), it may be a matter of substantial importance whether in order to contest a deficiency of $110 he must pay $30 fees for filing three petitions or $10 for filing one petition. His rights should not be circumscribed by mere clerical considerations of the Board in the absence of express or clearly implied statutory warrant.

The treatment of the petition as the initiation of three separate proceedings, the demand for additional filing fees, and the orders to show cause were improvident. They are vacated and set aside. The original petition, Docket No. 100587, was sufficient to assail the three deficiencies. Dockets 100588 and 100589 are merged into Docket 100587.

Reviewed by the Board.

*The motion to dismiss is denied.*

DISNEY concurs only in the result.

MURDOCK and LEECH dissent.

---

HARRON, concurring: The situation in this case is unusual in that three notices of deficiency relating to three different tax periods were mailed to petitioner by the Commissioner on or about the same date. Consequently, petitioner was in a position to file one petition with this Board for redetermination of each deficiency within 90 days after the earliest and after each notice was mailed. See section 274 (a) of the Revenue Act of 1926, as amended by section 501 of the Revenue Act of 1934. The situation is not likely to occur with any real frequency because the Commissioner ordinarily does not mail several separate notices of deficiency in the tax liability of an individual taxpayer, for different tax years or tax periods, in such close sequence of time for it to be possible for an individual taxpayer to timely file one petition, within the statutory period, to contest several determinations noticed by several, separate notices of deficiency.

The petitioner, an individual taxpayer, filed one petition timely, thereby initiating one proceeding before the Board. He paid the filing

fee required by Rule 8 of the Board's Rules of Practice, and allowed by law. It should be noted that the Board, in the first instance, by its own procedure, treated the one petition as instituting three proceedings, and the Board, accordingly, in effect, directed the payment of filing fees for two additional proceedings. Now the Board concedes error in its own treatment of the one petition. The entire matter could have been rectified simply by issuance of appropriate orders of the Board, without promulgation of an opinion, the question having been raised by the Board itself.

I agree that, *under the special facts present in this case*, a single taxpayer may contest several deficiencies, noticed by several notices of deficiency, by filing one petition, where the dates of the mailing of each notice of deficiency are such that one petition may be timely filed under the statute. I also agree that the filing of one petition with the Board, in such circumstances as are present here, initiates only one proceeding before the Board, for which only one filing fee need be paid. The modern rules of courts sanction the joining of several causes in one proceeding.