DUDLEY H. BRYANT AND PEGGY BRYANT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82206. Filed October 30, 1959.

*Andrew S. Coxe, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The question involved herein, whether separate petitions are required under the circumstances shown, has arisen more than once, and it seems advisable to have a published opinion on the question. The Commissioner mailed three deficiency notices on May 1, 1959. One to Dudley H. Bryant at 2207 Rebel Road, Austin, Texas, advised him of the determination of a deficiency in income tax for 1955 of $7,023.01, plus an addition thereto in the amount of $446.08. Another to "Mrs. Peggy Bryant, Route 5, Box 181, Austin, Texas" advised her of a determination of the same deficiency and the same addition and included the following: "Since

you and your former husband are jointly and severally liable for the deficiency in tax, this letter is addressed to you." The third was to Dudley to notify him of a deficiency and addition thereto in his income tax for 1956.

Dudley and Peggy joined in the filing of a petition at Docket No. 82206.[1] It recited that they were husband and wife, resided in Austin, Texas, during the years 1955 and 1956, and filed a joint income tax return for 1955 and separate income tax returns for 1956. The record does not disclose their present relationship. No question is raised with respect to Dudley's right to file one petition contesting the deficiencies determined for the years 1955 and 1956 in separate notices mailed to him on the same day. *John W. Egan*, 41 B.T.A. 204.

The Commissioner filed a motion on September 11, 1959, to require Dudley to file a separate amended petition covering the years 1955 and 1956 and to require Peggy to file a separate amended petition (meaning at a new docket number) covering the year 1955, on the ground that separate petitions must be filed by two persons each of whom receives a separate statutory notice of deficiency. The hearing on the motion was set for October 21, 1959, at which time there was no appearance for the petitioners but counsel for the respondent was heard on the motion.

The Commissioner in his motion cites three cases, none of which is in point because none involved the joining in one petition of two people who were husband and wife in the taxable year and each of whom had received a notice of deficiency involving identical joint and several liability for income taxes for the year for which they had filed a joint return. The taxpayer in the *Egan* case, *supra*, received three separate notices of deficiency, each for a different year, and within the statutory period of 90 days after the mailing of the earliest notice he filed a single petition contesting all three deficiencies upon the same ground. The Commissioner there cited the same three cases which he cites here. The opinion distinguished them on the ground that in each an attempt was made to file one petition for several persons, each of whom had received a separate notice of deficiency or transferee liability. The Court, in holding that Egan could contest all three deficiencies in one petition, stated, "From the standpoint of convenience and expediency, such a petition is no different from one which assails separate deficiencies determined by the Commissioner for several years the notice of which is given in a single deficiency notice."

---

[1] The petition incorrectly states that the notice to Peggy relates to 1956 taxes; misstates in paragraph 3 just what determinations have been made as shown in the attached notices referred to above; and attempts to raise issues in paragraph 4 j. through m. with respect to Peggy's tax liability for 1956 without any supporting determination against her for that period.

The same principles that moved the Court in the *Egan* case, *supra*, are here present. The Commissioner can send a single notice addressed to a husband and wife who have filed a joint return for the taxable year if they are still living together at the same address, and there can be no question of their right to file a single joint petition. They could, of course, and should, file separate petitions if each one wanted to advance a different defense. The Commissioner could have addressed a notice to both petitioners in this case and sent one copy to the known address of Dudley and the other to the known address of Peggy. Each could have filed a separate petition and should if they desired to defend on different grounds. However, they have filed a joint petition in which they unite on a joint defense. No inconvenience to the Court or to the Commissioner can be seen in allowing them to contest in this proceeding their joint and several liability for the single deficiency and addition determined for 1955.

The Commissioner's motion has been denied and there has been stricken from the pleadings all reference to any tax liability of Peggy for 1956.

