JANET S. TICKTIN GARFINKEL, FORMERLY JANET S. TICKTIN,
PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 127–77.    Filed March 28, 1977.

*Thomas B. Rutter,* for the petitioner.
*Bernard B. Kornmehl,* for the respondent.

OPINION

SIMPSON, *Acting Chief Judge:* This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing and disposition of petitioner's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his opinion which is set forth below.[1]

OPINION OF THE SPECIAL TRIAL JUDGE

CALDWELL, *Special Trial Judge:* Petitioner was formerly married to Dr. Howard E. Ticktin. Dr. Ticktin died during April 1972. For the year 1972, a joint return was filed in the names of petitioner and Dr. Ticktin. A probate estate was opened for Dr. Ticktin, and during the course of administration of his estate, a request for prompt assessment under section 6501(d) of the Internal Revenue Code of 1954[2] was made with respect to his 1972 income tax liabilities. Such request was made on July 1, 1974. On August 20, 1975, a reply was received accepting the 1972 return as filed.

Thereafter a statutory notice of deficiency for the year 1972 was issued by the District Director at Baltimore, Md., and was mailed to petitioner on October 7, 1976. The deficiency notice was addressed to:

---

[1] The Court has concluded that the posttrial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were heard in oral argument and each has filed a memorandum in support of his or her position.

[2] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.

Mrs. Janet S. Ticktin Garfinkel
Formerly Mrs. Janet S. Ticktin
7503 Barra Drive
Bethesda, Maryland 20034

The first paragraph of the statutory notice reads as follows:

In accordance with the provisions" of existing internal revenue laws, notice is given that the determination of your several income tax liability on the joint income tax return of Howard E. Ticktin, deceased, and Janet S. Ticktin discloses a deficiency for the taxable year ended December 31, 1972 in the amount of $4,305.75. The attached statement shows the computation of the deficiency.

Subsequently, on January 3, 1977, the petition in this case was timely filed. On that same day, petitioner filed her motion to dismiss for lack of jurisdiction, on the ground that the statutory notice of deficiency was invalid. Grounds for the alleged invalidity were stated in the motion, as follows:

4. The Notice of Deficiency as issued to Petitioner in her sole name is null and void and cannot confer jurisdiction upon this Court for the reason that Code Sec. 6212(b)(2) and Regs. §301.6212–1(b)(2) require either that a single joint Notice of Deficiency or that separate notices be addressed to the spouses who filed a joint return with respect to which a deficiency is determined.

5. Petitioner challenges the validity of the Notice of Deficiency and seeks a dismissal of it on the ground that it does not conform with the statutory mandate of Sec. 6212(b)(2) requiring a joint Notice of Deficiency where a joint tax return has been filed.

The probate estate of Dr. Ticktin was finally closed on January 17, 1977.

Section 6212(b)(2) provides:

SEC. 6212. NOTICE OF DEFICIENCY.

(b) Address for Notice of Deficiency.—
* * *

(2) Joint income tax return.—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address. [Emphasis supplied.]

The applicable regulation, sec. 301.6212–1(b)(2), Proced. & Admin. Regs., similarly provides in here-material part:

(2) *Joint income tax returns.* If a joint income tax return has been filed by husband and wife, the district director (or assistant regional commissioner, appellate) may, unless the district director for the district in which such joint return was filed has been notified by either spouse that· a separate residence has been established, send *either a joint or separate notice* of deficiency to the taxpayers at their last known address. * * * [Emphasis supplied.]

Section 6013(d)(3) provides that if a joint return is made, the liability with respect to the tax shall be joint and several. As pointed out in *Marie A. Dolan,* 44 T.C. 420, 427, "One of the fundamental characteristics of joint and several liability is that the obligee, respondent here, may proceed against the obligors separately and may obtain separate judgments against each."

Further in the opinion in the *Dolan* case, the Court construed section 6212(b)(2) in a manner which, it is believed, effectively undercuts petitioner's position in the instant case (44 T.C. at 433–434):

The language of section 6212(b)(2) * * * is not entirely free from ambiguity. Nevertheless, the meaning which most naturally flows from such language is that, in the case of a deficiency in respect of a joint return, respondent may send separate notices or he may send a single joint notice; but if he wishes to send a joint notice and has been notified that the spouses have established separate residences, he must send a duplicate original of the joint notice to each spouse. The statute does not expressly forbid respondent from sending separate notices to the spouses or to one of them, even if respondent has been notified of separate residences.

That the natural interpretation of section 6212(b)(2) was the one intended by Congress is indicated by the legislative history. The report of the House Ways and Means Committee, explaining section 272(a) of the Revenue Act of 1938, the original version of present section 6212(b)(2), reads as follows:

"To conform section 51(b) of the bill, which expressly provides for joint and several liability in the case of a husband and wife who file a joint return, express provision is made in section 272(a) of the bill for the sending of a joint notice of deficiency *if the Commissioner in his discretion desires to send a joint notice instead of separate notices of deficiency.* This accords with the established procedure under the Revenue Act of 1936 and prior acts. The committee feels, however, that, in the interests of fairness, an exception to such established procedure should be made in cases where, subsequent to the filing of the joint return and prior to the notice of deficiency, the spouses have established separate residences and notice of such fact has been given to the Commissioner. The last sentence of section 272(a) of the bill accordingly provides that a single joint notice may be sent in the general case but that, if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, duplicate originals must be sent by registered mail to

each of the spouses at his last known address. [H. Rept. No. 1860, 75th Cong., 3d Sess., p. 48 (1938). Emphasis supplied.]"

This report leaves no doubt as to the meaning of section 6212(b)(2). The provision relating to the sending of duplicate originals of joint notices where respondent has been notified that the spouses have separate addresses clearly was intended to assure that each spouse received actual notice, if respondent chose to send a joint notice of deficiency. There was no intention, however, to forbid respondent from sending separate notices, regardless of the addresses of the spouses. Further authority for this interpretation of the statute is found in *Kisting v. Commissioner*, 298 F.2d 264 (C.A. 8, 1962), affirming a Memorandum Opinion of this Court. See also *Dudley H. Bryant*, 33 T.C. 201 (1959).

Petitioner is undoubtedly severally, i.e., separately, liable for tax on the 1972 return which she filed jointly with Dr. Ticktin. Section 6212(b)(2), as interpreted by this Court in the *Dolan* case with persuasive reliance on the legislative history of such section's predecessor, authorized the issuance of a separate notice of deficiency to petitioner to enforce that several liability. Section 6212(b)(2) permits, but does not require, a joint notice.

Petitioner urges that the *Dolan* case, on its facts, is distinguishable from the present case. In *Dolan,* where a joint return had been filed, the husband had signed a waiver of restrictions on assessment and collection (Form 870) and the full amount of the deficiency had been assessed against him. However, no amount of such assessed deficiency had been collected. The Commissioner issued a separate notice of deficiency to the wife, but on the statement attached to the notice the following heading appeared:

> Mr. John T. Dolan
> Mrs. Marie A. Dolan
> (Husband and Wife)
> 1101A Ralph Terrace
> Richmond Heights 17, Missouri

Petitioner points out that no notice could have been sent to the husband in *Dolan* because he had executed the waiver and the deficiency had been assessed, and thus that there was no deficiency on the part of the husband. There was no such waiver in the case at bar. Petitioner also points out that in the heading on the statement attached to the notice of deficiency issued to the wife in the *Dolan* case it was made clear that the asserted liability arose from the joint return which she and

her husband had filed. As to this second ground of distinction, it is believed that the first paragraph of the notice of deficiency issued to petitioner makes it clear that the liability asserted against her arose out of the joint return which she and her husband filed.

Turning to the first ground of distinction sought to be drawn by petitioner, it is believed that that distinction is of no significance for the reason that under the construction put upon section 6212(b)(2) in the *Dolan* case the Commissioner could have issued the wife a separate notice, to enforce her several liability, in any event, whether or not her husband had signed the waiver and had had the deficiency assessed against him. But, going further, it is believed that there are reasons, to which neither party has alluded, present in the instant case which precluded the Commissioner from sending a notice of deficiency to Dr. Ticktin's estate.

It will be recalled that the fiduciary of Dr. Ticktin's estate had requested under section 6501(d) a prompt assessment with respect to his 1972 income tax liabilities; and that on August 20, 1975, a reply was received from the Internal Revenue Service accepting the return as filed.

Section 6501(d) provides in here-relevant part as follows:

SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(d) REQUEST FOR PROMPT ASSESSMENT.—Except as otherwise provided in subsection (c), (e), or (f), in the case of any tax (other than the tax imposed by chapter 11 of subtitle B, relating to estate taxes) for which return is required in the case of a decedent, or by his estate during the period of administration, * * * the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within 18 months after written request therefor * * * but not after the expiration of 3 years after the return was filed. * * *

The return was filed on or about October 15, 1973. The parties have advised the Court that the request for prompt assessment was made on July 1, 1974. Thus, the time for the Internal Revenue Service to make an assessment with respect to Dr. Ticktin's 1972 income tax liability expired on January 1, 1976, 18 months after the request was made. It follows then, that statute of limitations had run as to Dr. Ticktin's 1972 income tax liabilities when the Commissioner issued his notice of deficiency on October 7, 1976. The normal 3-year statute, however, had not expired as to any liability which petitioner might have for 1972 income taxes. She being

severally liable for any such liability, the Commissioner was fully warranted in sending her a separate notice of deficiency in respect thereto.

Thus, the present case is in reality quite similar to *Dolan.* The Commissioner was barred from sending a notice of deficiency to Mr. Dolan, and he was likewise barred from sending such a notice to Dr. Ticktin's estate.

Petitioner's motion to dismiss for lack of jurisdiction will be .denied.

*An appropriate order will be entered.*