LUTHER L. HIERS, JR. and LYNDA HIERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hiers v. Commissioner
Docket No. 4130-80.
United States Tax Court
T.C. Memo 1981-195; 1981 Tax Ct. Memo LEXIS 551; 41 T.C.M. (CCH) 1320; T.C.M. (RIA) 81195; April 22, 1981. Paul R. Ashe, for the petitioners. Avery Cousins, III, for the respondent. DAWSON
MEMORANDUM *552 FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $ 83,874.64 and an addition to tax under section 6653(b) (the fraud penalty) in the amount of $ 41,937.32. Petitioners filed a timely petiton seeking a review of that determination. On June 13, 1980, petitioners filed a motion for a more definite statement in respondent's answer, a motion to strike, *553 and a motion to sever issues. A hearing was held on those motions at Jacksonville, Florida, on November 6, 1980. At that hearing, petitioners made an oral motion to withdraw the written motion to sever issues and to substitute for it a motion to dismiss for lack of jurisdiction. Petitioners' motion for a more definite statement and motion to strike have been denied. Their motion to withdraw the motion to sever issues has been granted and that motion has been replaced by a written motion to dismiss for failure and lack of jurisdiction on the ground that the statute of limitations bars the proposed deficiency. FINDINGS OF FACT Petitioners were married during the year 1975 and filed a joint income tax return for that year. Their address shown on that return is Route 1, Box 155, Dunnellon, Florida 32630 (hereinafter referred to as the Box 155 address). On January 9, 1978 and February 26, 1978, Luther L. Hiers (hereinafter sometimes referred to as Luther) and Lynda Hiers (hereinafter sometimes referred to as Lynda), respectively, executed a Form 2848 (Power of Attorney), appointing Paul E. Wilson, Jr., C.P.A., as their attorney-in-fact for purposes of Federal income tax matters *554 for the years 1974 through 1976 and directing that copies of all notices and written communications related thereto be sent to him at 21 S.E. Wenona Avenue, Ocala, Florida. This power of attorney was filed with respondent. Subsequently, the Internal Revenue Service received another power of attorney executed by Luther on May 8, 1979, appointing Paul R. Ashe, Esq., (hereinafter sometimes referred to as Ashe) and Paul E. Wilson, Jr., C.P.A., (hereinafter sometimes referred to as Wilson) as attorneys-in-fact to represent Luther and Lynda with respect to Federal income tax matters for the years 1974, 1975, 1976, and 1977 and directing that copies of all notices and written communications related thereto be sent to Messrs. Ashe and Wilson at the respective addresses shown on the power of attorney. The revenue agent who was conducting the audit of petitioners' returns notified Ashe that he did not consider that power of attorney valid, since it was not signed by Lunda. Ashe told the revenue agent that he thought he would get it signed by Lynda. On March 14, 1980, Lynda did sign a power of attorney appointing Paul R. Ashe, Esq., and Paul E. Wilson, Jr., C.P.A., as her representatives *555 for Federal income tax matters for the years 1974, 1975, and 1976, and directing that copies of all notices and written communications related thereto be sent to Messrs. Ashe and Wilson at the respective addresses shown on the power of attorney. The first two powers of attorney show petitioners' address as the Box 155 address. These were the only powers of attorney on file at the time the statutory notice of deficiency here in question was mailed by respondent. Luther filed his 1977 tax return as a single individual. In August 1979, the revenue agent conducting the audit accompanied a special agent to an attorney's office in Orlando, Florida, to interview Lynda. At that time, the revenue agent was aware that Luther and Lynda were divorced and that Luther was residing in Dunnellon, whereas Lynda was residing in the Orlando area. At the time the petition herein was filed, the petitioners continued to reside, respectively, as those locations. Both petitioners and respondent had consented in writing to an extension of the time prescribed for assessment of petitioners' income tax for the year 1975 until December 31, 1979. On December 27, 1979, respondent allegedly mailed *556 a single joint notice of deficiency for the year 1975 to petitioners at the Box 155 address. A copy of the notice of deficiency was sent to Paul E. Wilson, Jr., C.P.A., 21 East Wenona Avenue, Ocala, Florida 32670. Petitioners claim that they have never received the statutory notice of deficiency that was allegedly mailed to the Box 155 address. The copy that was sent to Wilson was received by him, apparently after December 31, 1979. Wilson gave the copy of the notice to Ashe on the day that he received it. Ashe subsequently contacted both Lynda and Luther to give them actual notice of the deficiency determination. Petitioners then filed a timely petition with this Court. Petitioners contend, however, that this Court lacks jurisdiction on the ground that they did not receive actual notice of the deficiency until after the expiration of the period for the assessment of the tax and that the notice of deficiency was not mailed to either of their last known addresses. OPINION Section 6212 provides that, if respondent determines that there is a deficiency in a taxpayer's Federal income tax, he is authorized to send a notice of such deficiency by certified or registered mail. *557 To be sufficient, the notice of deficiency generally must be mailed to the taxpayer's "last known address." Section 6212(b)(1). Respondent may send a single joint notice of deficiency with respect to a joint income tax return filed by a husband and wife, unless either spouse has notified him that separate residences have been established. Section 6212(b)(2). If he has been so notified, the statute provides that he shall send a duplicate original of the joint notice to each spouse at his last known address. Section 6212(b)(2). Respondent relies upon Goodman v. Commissioner, 71 T.C. 974 (1979), in which this Court held that a notice of deficiency was valid, even if there were errors in the mailing address, since the taxpayer received actual notice of the deficiency and filed a timely petition with this Court. The situation of the taxpayer in that case is quite similar to that of petitioners. Petitioners, however, would have us reach a different result in this case, since, in the Goodman case, respondent sent duplicate original notices of deficiency to the taxpayer and her ex-husband at separate residences, whereas, here, respondent sent only a single joint *558 notice to petitioners at the Box 155 address. As previously mentioned, respondent is required to send a duplicate original of the joint notice, in lieu of a single joint notice, to each spouse at his last known address, if either spouse has notified him that separate residences have been established. The obvious purpose of this requirement is to assure that notice of the deficiency asserted against each spouse will be received by him or her. Garfinkel v. Commissioner, 67 T.C. 1028 (1977); Dolan v. Commissioner, 44 T.C. 420 (1965). Both Lynda and Luther received actual notice of the deficiency and filed their petition within 90 days after the date of the notice of deficiency. The purpose of the statute, therefore, has been accomplished; none of petitioners' rights have been denied. Thus, petitioners' situation, in effect, is no different from that of the taxpayers in the numerous cases holding that notices of deficiency are valid although there were errors in their mailing, since the taxpayers received actual notice of the asserted deficiencies and filed timely petitions with this Court. See Goodman v. Commissioner, supra at 977, *559 and the cases there cited. We, accordingly, conclude that, even if respondent's failure to send duplicate originals of the joint notice was technically in error, the notice of deficiency was not thereby rendered invalid. Petitioners further assert that the notice of deficiency is invalid because respondent did not present any evidence to show that it was mailed prior to the expiration of the period for assessment of the tax and they did not receive actual notice of the deficiency until after the expiration of such period. The taxpayer in Goodman v. Commissioner, supra, also argued that, since she did not receive actual notice of the deficiency, through a copy sent to her ex-husband's attorney, until after the period for assessment of tax, the notice of deficiency was invalid. Since the notice of deficiency asserted fraud on the part of her ex-husband, this Court in the Goodman case stated (at 978): * * * section 6501(c)(1), by providing that there are no time limits on assessment or judicial proceedings to collect taxes in the case of fraud, in effect denies [the repose of knowing additional taxes will not be assessed] to a taxpayer with respect to *560 whose return fraud has been asserted. [Fn. ref. omitted.] The Court, therefore, determined that the timeliness of the notice was irrelevant insofar as the taxpayer's motion to dismiss was concerned. [3]
Since respondent, likewise, has imposed an addition to tax due to fraud in the case before us now, the timeliness of the notice of deficiency is irrelevant in connection with the instant motion. Since petitioners received actual notice of the deficiency, at a time when the statute of limitations had not expired, and filed a timely petition with this Court, their motion to dismiss will be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. If respondent, at trial, should not meet his burden of proving fraud, the timeliness of the deficiency notice could be dealt with then. Goodman v. Commissioner, supra↩ at 978, n. 9.