ESTATE OF SILVIO RAVETTI, DECEASED, DONNA LOGAN, EXECUTRIX, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Ravetti v. Commissioner
Docket No. 2913-87
United States Tax Court
T.C. Memo 1989-45; 1989 Tax Ct. Memo LEXIS 45; 56 T.C.M. (CCH) 1176; T.C.M. (RIA) 89045; January 30, 1989
John Gigounas, for the petitioner. Donna Rice Owens, for the respondent. NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(4) and Rules 180, 181, and 182. [1]
On September 16, 1988, petitioner filed a motion *46 to amend and supplement its timely filed petition of February 2, 1987. The motion was accompanied by a proposed Amended and Supplementory Petition, a Declaration by petitioner's attorney, and a Memorandum of Law in Support of the Motion to Amend the Petition. The motion states that respondent objects to the filing of the amended petition. The proposed amended petition asks this Court to find that respondent violated petitioner's due process rights by granting "innocent spouse treatment" to Silvio Ravetti's ex-wife, Martha Ravetti, without providing petitioner notice or the opportunity to be heard. On November 6, 1986, respondent issued a joint notice of deficiency to petitioner and Martha Ravetti, determining deficiencies for 1979 and 1980 in the amounts of $ 114,255.64 and $ 178,738.60, respectively. In addition, the Commissioner determined additions to tax under section 6653(a) in the amounts of $ 5,713.00 and $ 8,937.00, respectively. Martha Ravetti filed a separate petition with this Court at docket no. 2750-87 with regard to these years. On May 31, 1988, this Court entered its decision in that case, pursuant to the agreement of the parties thereto, to the effect that there *47 are no deficiencies or additions to tax due from Martha Ravetti for 1979 and 1980 by virtue of section 6013(e). The proposed amended petition contends that respondent's actions in docket no. 2750-87 deprived petitioner of its right to contribution for the joint and several tax liability incurred from the jointly filed returns. The proposed amended petition further contends that respondent's failure to notify petitioner of the decision to grant Martha innocent spouse treatment constituted a violation of procedural due process. Rule 41(a) provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. * * * Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party * * *" The answer was served in this matter in April 1987. Consequently, leave of Court is required to amend the petition since respondent objects to the proposed amendment. Rule 41(a) further provides that leave to amend "shall be freely given when justice so requires." In Foman v. Davis,371 U.S. 178, 182 (1962), the Supreme Court stated that leave to amend may be inappropriate where there is *48 "any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." -- for denying it. If permitting an amended pleading would be futile, it is within the discretion of the Court to refuse to grant leave to file the amendment. See Jafree v. Barber,689 F.2d 640, 644 (7th Cir. 1982); Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau,701 F.2d 1276, 1293 (9th Cir. 1983). Under the facts of this case, we believe it would be beyond our jurisdiction, as well as futile and inappropriate for this Court to rule on the constitutionality of respondent's action with regard to Martha Ravetti or any claim by petitioner for contributions. When a husband and wife elect to file a joint income tax return, they become jointly and severally liable for the entire tax payable upon the aggregate income. Furnish v. Commissioner,262 F.2d 727, 731 (9th Cir. 1958). Accordingly, respondent had the option *49 of proceeding against each of them jointly or severally. Garfinkel v. Commissioner,67 T.C. 1028 (1977); Dolan v. Commissioner,44 T.C. 420 (1965). When separate petitions are filed, each case is regarded as a separate case, and the parties in each separate case are subject to only their opponent's claims and defenses. Settlement between a docketed taxpayer and respondent is common, notwithstanding the possibility that a related taxpayer may be waiting in the wings to try his case which involves the same transactions. Even if several parties were to have their cases consolidated for trial, briefing and opinion, there is nothing to prevent respondent from settling with one or more of the consolidated parties, perhaps to the detriment of the remaining parties. More importantly, this Court is a court of limited jurisdiction. We can only redetermine a deficiency or overpayment with respect to the taxpayer before us; we have no jurisdiction to make any finding as to a third party. In the instant case, notwithstanding the fact that Martha Ravetti was a party in another docket, she is a third party in this docket and we could not fashion any finding *50 or determination as to her. If respondent violated some constitutional right of petitioner in settling the case with the ex-wife, that action would not affect our jurisdiction to redetermine the deficiencies and additions to tax due from petitioner for 1979 and 1980. We could not, for example, determine the liability to be less than the correct tax due on the correct taxable income by reason of those actions. To do so would be exercising equity jurisdiction, which we do not have. If respondent violated some constitutional or civil right of petitioner, (and we make no comment whatsoever on this matter) petitioner's remedy might be to seek some sort of redress in Federal District Court. It is clear to us that petitioner's concern here is its right of contribution from the joint filer. The Internal Revenue Code has no provision dealing with such an issue. Contribution is a matter to be resolved under state laws. For example, California Civil Code, section 1432 (West. 1982), provides: "A party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties *51 joined with him." This rule applies even though there has been no contract between the payor and the person benefited. Murchinson v. Murchinson,219 Cal.App.2d 600, 33 Cal. Rptr. 285, 287 (1963). Consequently, when a party pays the full amount of a tax obligation, a new cause of action for contribution may arise by operation of state law in favor of that party against those sharing the joint and several tax liability. See Murchinson, supra, at 288. [2] Petitioner therefore would have to proceed in the California court system to determine what contribution rights it now has. Again, this Court does not have such jurisdiction. Accordingly, petitioner's motion to amend and supplement its petition will be denied. An appropriate order will be issued.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, and in effect during the tax years at issue unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. However, paragraph 3 of the Stipulation and Order Amending Interlocutory Judgment of Dissolution of Marriage, filed in the Ravetti's divorce proceeding provides that the parties thereto shall be equally liable for the tax liabilities unless Martha Ravetti "be judicially determined to be 'innocent spouse' in relationship to any said tax assessment . . ."↩