RICHARD A. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 22236-87.
United States Tax Court
T.C. Memo 1989-160; 1989 Tax Ct. Memo LEXIS 160; 57 T.C.M. (CCH) 69; T.C.M. (RIA) 89160; April 13, 1989. Paula M. Junghans, for the petitioner. Clare J. Brooks, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: After concessions, the only issue for decision is whether a notice of deficiency naming only one spouse is valid, where the other spouse has been determined to be eligible for relief under section 6013(e)[1] as an innocent spouse. Petitioner was married to Margaret Smith (Margaret) during the years at issue (1980-1982) and they filed joint returns for those years. Respondent determined that Margaret was entitled to relief as an innocent spouse and issued the notice of deficiency solely to petitioner. We hold that section 6212(b)(2) permits, but does not require, that a joint notice be issued with respect to a jointly filed return. Accordingly, we hold that the notice of deficiency issued to petitioner but not to Margaret is valid. FINDINGS OF FACT The facts of this case *162 have been fully stipulated pursuant to Rule 122, and are so found. Petitioner was a resident of Baltimore, Maryland when he filed his petition in this case. Petitioner was married to Margaret on July 24, 1966, and divorced from her on June 27, 1984. Petitioner and Margaret filed joint income tax returns for taxable years 1980, 1981, and 1982. For taxable year 1983, petitioner filed a return marked "married, filing separately." On or about November 15, 1985, petitioner filed Forms 1040-X with respect to taxable years 1980, 1981, 1982, and 1983 reporting and self-assessing additional amounts of income. The Forms 1040-X were signed only by petitioner. Respondent received the Forms 1040-X, but made no assessments based on them. The Commissioner determined deficiencies in and additions to petitioner's Federal income tax for taxable years 1980, 1981, 1982, and 1983 as follows: Additions to Tax Under Sections
Year
Deficiency
6653(b)(1)
6653(b)(2) [2]
6661
1980
$ 7,299
$ 3,649.91
--
--
1981
$ 11,854 [3]
$ 5,927.39
--
--
1982
$ 11,914
$ 5,597.41
50% of the
$ 2,798.71
interest on
$ 11,194
1983
$ 5,906
$ 2,953.00
50% of the
$ 1,476.50
interest on
$ 5,906
*163 A notice of deficiency dated April 10, 1987 was issued to petitioner in his name only for taxable years 1980, 1981, 1982, and 1983. No notice of deficiency was issued to Margaret for taxable years 1980, 1981, and 1982 as a result of respondent's administrative determination, made before the issuance of the notice of deficiency to petitioner, that Margaret was an "innocent spouse" pursuant to section 6013(e). If the notice of deficiency issued to petitioner is found to be valid, petitioner concedes that he is liable for the deficiencies in tax and additions to tax as set forth in the notice of deficiency for taxable *164 years 1980, 1981, 1982, and 1983. OPINION We must decide whether the statutory notice of deficiency issued to petitioner in his name alone is valid with respect to taxable years 1980, 1981, and 1982 for which petitioner filed joint returns. Section 6013(d)(3) provides that the tax liability of a husband and wife who file a joint return shall be joint and several. Section 6013(d)(3) provides: (d) Special rules. -- For purposes of this section -- * * * (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. Section 6013(e) provides, in certain circumstances, that a spouse who is deemed to be an "innocent spouse" is relieved of liability with respect to any tax, penalties, additions to tax, interest or the like to the extent such liability arises from a substantial understatement of tax attributable to grossly erroneous items of the other spouse. Section 6212(b)(2) permits the issuance of a joint *165 notice of deficiency in the case of a joint income tax return, unless the spouses have notified respondent that they have established separate residences in which case a duplicate original of the joint notice must be mailed to each spouse. Section 6212(b)(2) provides: (2) Joint income tax return. -- In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address. Petitioner argues that the notice of deficiency fails to meet the requirements of section 6212(b)(2). That is, petitioner contends that respondent may send either separate notices to each spouse or a joint notice (except where the spouses have established separate residences). Petitioner argues that this requires that a notice of deficiency be issued to both spouses with respect to a jointly filed return. Petitioner reads section 6212(b)(2) to invalidate a notice of deficiency *166 issued to one spouse if respondent does not send the deficiency notice to both spouses. We believe section 6212(b)(2) allows a joint notice of deficiency for spouses, and requires the IRS to send a copy of such a joint notice to each spouse, if it has been notified that they reside separately. It does not say a notice of deficiency must be sent to both spouses. We do not draw that inference from the language either. To do so would be incompatible with the joint and several tax liability of spouses who file jointly. [4]
Section 6212(b)(2) does not *167 prohibit respondent from sending a separate notice of deficiency to only one spouse in a joint return situation. [5] In Dolan v. Commissioner,44 T.C. 420 (1965), a prior assessment against husband was made, but there was no notice of deficiency sent to him. The Court held this did not prevent respondent from subsequently sending a valid notice of deficiency to his former spouse. The notice of deficiency mailed to the taxpayer (former wife) was neither a joint notice nor a duplicate original of a joint notice, but was rather a separate notice issued solely to the taxpayer. We noted that section 6013(d)(3) provides for joint and several liability in the case of a joint return. One of the fundamental characteristics of joint and *168 several liability is that the obligee, respondent here, may proceed against the obligors separately and may obtain separate judgments against each. * * * For purposes of applying these rules to the instant case, we may consider an assessment entered by respondent as equivalent to a judgment * * *. [Citations omitted.] 44 T.C. at 427. In Dolan, respondent's issuance of a statutory notice to the taxpayer alone did not invalidate the notice of deficiency as to her. Similarly, in the instant case, respondent's determination that Margaret was an innocent spouse does not invalidate the notice of deficiency sent to petitioner. Once a deficiency is determined for a joint return, respondent may send separate notices or a single joint notice; -- but if he wishes to send a joint notice and has been notified that the spouses have established separate residences, he must send a duplicate original of the joint notice to each spouse. The statute does not expressly forbid respondent from sending separate notices to the spouses or to one of them * * *. Dolan v. Commissioner,44 T.C. at 433. *169 We concluded that a joint notice is not mandatory, [6] stating: The provision relating to the sending of duplicate originals of joint notices where respondent has been notified that the spouses have separate addresses clearly was intended to assure that each spouse received actual notice, if respondent chose to send a joint notice of deficiency. There was no intention, however, to forbid respondent from sending separate notices, regardless of the addresses of the spouses. * * * 44 T.C. at 434. Similarly, in Garfinkel v. Commissioner,67 T.C. 1028 (1977), we held that section 6212(b)(2) permits, but does not require, a joint notice. In Garfinkel, taxpayer's husband died during 1972, and a request for prompt assessment was made on behalf of his estate pursuant to section 6501(d). Respondent accepted the 1972 return as filed. Subsequently, a notice of deficiency was issued to the taxpayer alone with respect to the 1972 joint return. Taxpayer's motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was invalid was denied. We found that *170 taxpayer was separately liable for tax on the 1972 return, and that section 6212(b)(2) authorized the issuance of a separate notice of deficiency to taxpayer to enforce that separate liability. 67 T.C. at 1031. Accordingly, we hold that section 6212(b)(2) does not bar the issuance of a separate notice of deficiency to one of the spouses signing a joint return where the other spouse was previously found eligible for innocent spouse relief under section 6013(e). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect during the years in issue.↩
2. Respondent determined additions to tax under sec. 6653(b)(2) for tax years 1980 and 1981. Since sec. 6653(b)(2) was enacted in 1982, and is first applicable to taxes paid after September 3, 1982, however, these additions to tax are inapplicable in this case until calendar year 1982. ↩
3. Although respondent on brief stated the 1981 deficiency to be $ 11,848, we will use the amount set forth in the notice of deficiency because there was no explanation for the discrepancy in amounts and petitioner otherwise used the same amount as in the notice of deficiency.↩
4. Under the common law concept of joint and several liability, a creditor may sue one or more of the parties to the liability separately or together at his option. Central States, Southeast and Southwest Areas Pension Fund v. Sztanyo Trust,693 F. Supp. 531, 540 (E.D. Mich. 1988); In Re Northeast Dairy Co-op Federation, Inc., 88 Bankr. 21↩, 23 (Bankr. N.D. N.Y. 1988); Black's Law Dictionary 751 (5th ed. 1979).
5. See Estate of Pearson v. Commissioner,T.C. Memo. 1988-366↩ ("Once respondent determined that there was a deficiency, he was authorized to send a notice of deficiency to either or both of the spouses who signed the joint return.").
6. See Griebel v. Commissioner,T.C. Memo. 1965-210↩.