James C. PEARSON, Deceased, Mildred Pearson, Personal Representative, and Mildred Pearson, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 88–3961
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 1989.

---

354

Gary R. Allen, Gilbert S. Rothenberg, Stuart E. Horwich, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before JOHNSON, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

In this tax case, we hold that: (1) I.R.C. § 6212(b)(2) does not preclude the Commissioner from mailing a deficiency notice relating to a joint return to one spouse when the Commissioner seeks to collect the entire deficiency from that spouse; and (2) the Tax Court cannot provide equitable remedies.

## I. BACKGROUND

In 1975, James Pearson and his former wife, Patricia, filed a joint tax return, claiming a $9,136 refund. At nearly the same time, the Pearsons separated, and pursuant to a state court order, divided their refund. In January, 1978, the Pearsons were divorced.

In early 1979, the Pearsons co-signed a Form 872-A that permitted the Commissioner of Internal Revenue ("the Commissioner") to extend the period for assessing 1975 tax liability to June 30, 1980. In early 1980, the Commissioner mailed the Pearsons separate 872-A forms, seeking to extend the 1975 assessment period indefinite-

ly. On February 28, 1980, James Pearson signed his second 872-A form. On April 25, 1980, Patricia signed her second 872-A form with her maiden name (Patricia A. Clark). On April 29, 1980, the Commissioner executed James Pearson's new 872-A form. The Commissioner never executed Patricia's new 872-A form, apparently because of confusion about Patricia's last name. The statute of limitations subsequently barred the Commissioner from proceeding against Patricia for the 1975 deficiency.

On March 30, 1980, James married Mildred Pearson. On November 18, 1982, James died, and Mildred became the personal representative of James's estate. On April 10, 1985, the Commissioner sent James's estate a $6,685 notice of deficiency for the 1975 taxable year.

Mildred Pearson petitioned the Tax Court for a redetermination of the Commissioner's decision. Mildred did not dispute the amount of the 1975 deficiency, but contended that the Commissioner violated I.R.C. § 6212(b)(2) by failing to send a joint notice of deficiency to Patricia.[1] Mildred also claimed that the Commissioner's failure to pursue remedies against Patricia constituted negligence. On August 16, 1988, the Tax Court rejected Mildred's contentions and ruled for the Commissioner.

## II. ISSUES

The issues on appeal are: (1) whether the Tax Court correctly ruled that I.R.C. § 6212(b)(2) does not preclude the Commissioner from mailing a deficiency notice relating to a joint return to one spouse when the Commissioner seeks to collect the entire deficiency from that spouse; and (2) whether the Tax Court correctly ruled that it could not grant equitable relief to Mildred Pearson for the Commissioner's alleged negligence in failing to pursue remedies against Patricia.

---

1. Section 6212(b)(2) provides:
   In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

Pearson appears to raise several other issues in her brief. We cannot consider these issues to the extent that they differ from those raised in the Tax Court. *Stubbs v. Commissioner*, 797 F.2d 936, 938 (11th Cir.1986).[2]

## III. DISCUSSION

### A. Notice

▮▮ Pearson argues that the Commissioner failed to properly notify Patricia of the deficiency in James and Patricia's 1975 tax return. The Tax Court concluded that the Commissioner did not need to notify Patricia because James's estate remained jointly and severally liable for the deficiency.

Husbands and wives are jointly and severally liable for deficiencies that result from joint tax returns. I.R.C. § 6013(d)(3); *Gordon v. United States*, 757 F.2d 1157, 1160–61 (11th Cir.1985). Section 6212(b)(2), therefore, requires the Commissioner to notify both spouses when the Commissioner seeks *joint* recovery of a deficiency. It does not, however, forbid the Commissioner from notifying only one spouse when the Commissioner seeks to enforce that spouse's *separate* liability. *See Dolan v. Commissioner*, 44 T.C. 420 (1965) (overruling *Du Mais v. Commissioner*, 40 T.C. 269 (1963)). *See also Garfinkel v. Commissioner*, 67 T.C. 1028 (1977). In this case, the Commissioner sought to enforce the 1975 deficiency only against James's estate. The Commissioner's failure to notify Patricia did not violate section 6212(b)(2).

### B. Equitable Relief

▮▮ Mildred contends that the Tax Court erred by failing to award her equitable relief, presumably by enjoining the Commissioner from collecting the 1975 deficiency. Mildred argues that the Commissioner's negligence caused James's estate to assume full responsibility for the deficiency. The Tax Court, however, correctly rejected Mildred's argument, noting that the court did not possess equity powers.

*See Musso v. Commissioner*, 531 F.2d 772, 774 (5th Cir.1976). *See also Kellogg v. Commissioner*, 88 T.C. 167 (1987).

## IV. CONCLUSION

The order of the Tax Court is affirmed.

AFFIRMED.

---

**2.** The only issue that significantly differs from those raised in the Tax Court is whether the Commissioner denied Pearson due process under the fifth amendment.