T.C. Memo. 1998-34

UNITED STATES TAX COURT

ESTATE OF DORIS J. SEVERT, DECEASED, DENISE M. HARPLE, EXECUTOR,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16754-96.                    Filed January 27, 1998.

Denise M. Harple (an executrix), for petitioner.

<u>Robert D. Kaiser</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in Doris J. Severt's (decedent's) Federal income tax for the year 1993 in the amount

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

of $1,253.  The issue for decision is whether respondent is estopped from assessing the deficiency in income tax.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Decedent died on February 20, 1996, a resident of the State of Ohio.  The executor of her estate, Denise M. Harple, was a resident of Ohio at the time the petition was filed.

Decedent and her former husband, Robert Severt, electronically filed a joint Federal income tax return, dated February 21, 1994, for the taxable year 1993.  Robert Severt died on February 12, 1995.  Decedent was the sole beneficiary and executrix of his estate, and she retained legal counsel to handle the probate matter.  On March 24, 1995, decedent, as executrix, executed Form 4810, Request for Prompt Assessment Under Internal Revenue Code Section 6501(d), with respect to Robert Severt's taxable years 1992, 1993, 1994, and 1995.  The request was received by the Internal Revenue Service (IRS) on March 29, 1995. By letter dated June 15, 1995, decedent was notified that Robert Severt's returns for 1992 and 1993 had been accepted as filed. Robert Severt's estate was closed in August 1995.

On February 21, 1996, respondent mailed a letter which proposed changes to decedent and Robert Severt's 1993 tax return. On July 2, 1996, respondent issued a notice of deficiency to

decedent and Robert Severt for the taxable year 1993. In the notice of deficiency, respondent adjusted the income of decedent and Robert Severt to reflect unreported receipts totaling $5,640. Respondent determined self-employment taxes in the amount of $687. Respondent further adjusted income to reflect the allowance of a deduction for one-half of the self-employment taxes so determined.

Respondent's determinations are presumed correct, and petitioner has the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner presented no evidence concerning the determinations made by respondent in the notice of deficiency. Rather, petitioner argues that respondent is barred from making an assessment for the year in issue.

As a general rule, section 6501(a) provides that any income tax imposed must be assessed within 3 years after the date that the taxpayer's return is filed. As an exception to the general rule, section 6501(d) provides that with certain exceptions not relevant here, with respect to any income tax for which a return is required in the case of a decedent, the tax shall be assessed, or a proceeding in court without assessment for the collection of such tax shall be begun, within 18 months after written request therefor is made by the executor.

Section 6013(d)(3) provides: "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." One of the fundamental characteristics of joint and several liability is that the obligee (respondent) may proceed against the obligors (joint taxpayers) separately and may obtain a separate judgment against each. Dolan v. Commissioner, 44 T.C. 420, 427 (1965).

In Garfinkel v. Commissioner, 67 T.C. 1028 (1977), the taxpayer filed a joint income tax return for 1972 with her husband, who died during that year. A request for prompt assessment was made with respect to his income tax liability for that year. Approximately 13 or 14 months later, the IRS sent a reply that the return was accepted as filed. In considering whether the Commissioner was barred from issuing a notice of deficiency in 1972 income tax to the taxpayer alone, the Court first noted that the time for the IRS to make an assessment as to her former husband expired 18 months after the request for prompt assessment was made. Id. at 1032. However, as to the taxpayer, the Court held that because the normal 3-year period of limitations had not expired as to any liability which she might have, the notice of deficiency was valid as to her because she was severally liable for the tax. Id. at 1032-1033.

Petitioner argues that we should not follow Garfinkel because the Court was "construing an antiquated version of the

tax code at the time it was also engaged in antiquated paternalistic thought."  Petitioner argues that joint and several liability should be treated as a rebuttable presumption.  We are unpersuaded by petitioner's arguments.  The version of section 6013(d)(3) in effect for the year in issue is identical to section 6013(d)(3) as interpreted by the Court in Garfinkel. When a joint return is filed, joint and several liability is clearly imposed by statute.  Such liability may be avoided in limited circumstances where innocent spouse relief is appropriate or it is shown that a spouse's signature is obtained through duress.  See sec. 6013(e); Brown v. Commissioner, 51 T.C. 116 (1968); Estate of Pearson v. Commissioner, T.C. Memo. 1988-366, affd. 890 F.2d 353 (11th Cir. 1989).  Petitioner has not alleged or shown that any of these exceptions applies.

With respect to Robert Severt's tax liability for 1993, the notice of deficiency was issued before the expiration of the 18-month period for assessment under section 6501(d).  Moreover, the shortened period for assessment under section 6501(d) does not apply to petitioner, as decedent was jointly and severally liable for any tax due.

Petitioner argues that the doctrine of estoppel applies to prevent respondent from determining a deficiency.  Petitioner contends that the no-change letter sent in response to the prompt assessment request filed with respect to Robert Severt's tax

liability was a misrepresentation by respondent, relied upon by the attorney for his estate in closing his estate.

"Equitable estoppel is a judicial doctrine that 'precludes a party from denying his own acts or representations which induced another to act to his detriment.'" Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992) (quoting Graff v. Commissioner, 74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982)). Estoppel is applied against the Commissioner "with utmost caution and restraint." Id. (quoting Estate of Emerson v. Commissioner, 67 T.C. 612, 617 (1977)); Kronish v. Commissioner, 90 T.C. 684, 695 (1988).

Detrimental reliance on the action of the Government by the party seeking to invoke equitable estoppel is a key condition. Hofstetter v. Commissioner, supra at 700; Boulez v. Commissioner, 76 T.C. 209, 215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987); Hudock v. Commissioner, 65 T.C. 351, 363 (1975). There is no evidence that decedent relied on the no-change letter to her detriment. The attorney may have relied on the no-change letter in closing Robert Severt's estate; however, decedent was the sole beneficiary of the estate, and the no-change letter caused no apparent detriment to her. In any event, she is severally liable for the deficiency in 1993 income tax. Thus, petitioner has not shown that estoppel applies against respondent.

To reflect the foregoing,

7

<u>Decision will be entered
for respondent</u>.