JOHN R. THOMPSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7917.   Promulgated January 20, 1928.

*Paul E. Shorb, Esq.*, and *Howard Kroehl, C. P. A.*, for the petitioner.

*Joseph K. Moyer, Esq.*, for the respondent.

60

OPINION.

MARQUETTE: The parties hereto have stipulated that there is a deficiency in tax for the year 1919 in the amount of $20,842.02, which

should be assessed. They also are in agreement as to the amount of the petitioner's tax liability for the year 1920, but not as to the jurisdiction of the Board to redetermine the deficiency asserted for that year. The petitioner contends that it has not appealed from the respondent's determination of a deficiency for 1920 and that therefore that year is not involved in this proceeding. The respondent on the other hand takes the position that although the petitioner has not in express terms appealed from the determination of a deficiency for the year 1920 as set forth in the deficiency letter of August 11, 1925, it has in substance appealed therefrom in that the relief sought for the year 1919 necessarily affects the petitioner's income for 1920, and that therefore the Board has jurisdiction to determine a deficiency as to that year.

Upon consideration of the record we are unable to agree with the respondent that the petitioner's tax liability for the year 1920 is involved herein. The deficiency letter sets forth deficiencies for both the years 1919 and 1920, but the petitioner took issue only as to the determination relative to the year 1919, and in express terms limited its appeal to that year. The only error assigned by the petitioner in its petition is that the respondent included in income for the year 1919 the full amount of profit realized from the sale of a certain leasehold. The respondent has admitted that he was in error in including the full amount of such profit in income for 1919 and that the deficiency determined by him for that year should be adjusted accordingly. It necessarily follows that if a certain profit was realized by the petitioner from the sale mentioned, and only part of it was income for 1919, the remainder was income for some other year or years. However, that fact does not in itself bring the other year or years into issue. The deficiency letter sets forth deficiencies for two years. The petitioner had the right to appeal as to either or both of those years, as it saw fit, and it chose to appeal only as to the year 1919. We can not perceive that because the relief sought and granted as to the year 1919 affects income for some other year, we have for that reason jurisdiction to determine a deficiency as to such other year. Suppose that the respondent, instead of asserting the deficiencies for 1919 and 1920 in a single deficiency letter, had sent out two deficiency letters, one for 1919 and one for 1920, and that the petitioner had appealed only from the letter relative to 1919. Could it be successfully contended that because the relief sought by the appeal as to 1919 would, if granted, affect income and tax liability for 1920, we would have jurisdiction as to the latter year although no formal appeal had been filed? We think not. Nor do we believe that it makes any difference in the principle because the deficiencies for both years are set forth in a single deficiency letter. We are of the opinion that under the

facts herein we have no jurisdiction to determine any deficiency for the year 1920.

*The deficiency for the year 1919 is $20,842.02, and an order will be entered accordingly.*