THE BARTH FOUNDATION, PETITIONER[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 19101–80, 19103–80.     Filed October 29, 1981.

---

[1]These cases were briefed and argued together with *Howell v. Commissioner*, 77 T.C. 916 (1981); and *Barth Foundation v. Commissioner*, T. C. Memo. 1981–635.

*Marvin E. Hagen* and *Gene F. Reardon*, for the petitioner.
*Joseph T. Chalhoub*, for the respondent.

### OPINION

DAWSON, *Judge*: These cases were assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioner's motions to dismiss for lack of jurisdiction as to the imposition of additional excise taxes under section 4942(b)[2] and as to duplicate notices. After a review of the record, we agree with and adopt his opinion which is set forth below.[3]

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: These cases are before the Court on petitioner's motions to dismiss for lack of jurisdiction filed on December 8, 1980. There are two issues to be decided. Both cases involve the first issue of whether the provisions of the Second Tier Tax Correction Act of 1980 (the act), Pub. L. 96–596, 94 Stat. 3469, are applicable to a docketed but untried

---

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3]Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

case pending in the Tax Court on or prior to the date of enactment, December 24, 1980, involving second tier excise taxes imposed by section 4942(b) for failure to distribute income. The second issue, which is present in docket No. 19103–80, is whether duplicate notices of deficiency have been sent in these two cases.

On May 14, 1980, respondent mailed petitioner two statutory notices of deficiency determining therein the following excise tax deficiencies:

| Docket No. | Year ending Dec. 31— | First tier tax sec. 4942(a) | Second tier tax sec. 4942(b) |
|---|---|---|---|
| 19101–80 | 1974 | $2,463.33 | $16,242.19 |
| | 1975 | 2,463.33 | --- |
| 19103–80 | 1976 | 3,062.81 | 20,418.75 |

The statutory notice in docket No. 19101–80 determined deficiencies in first tier and second tier excise taxes under section 4942 for failure to distribute in 1974 and 1975 income earned in 1973. The statutory notice in docket No. 19103–80 determined deficiencies in first tier and second tier excise taxes under section 4942 for failure to distribute in 1975 income earned in 1974.

Petitioner timely filed its petitions contesting the imposition of these excise taxes on October 14, 1980,[4] at which time its address was c/o Ms. Rosemary Howell, 449 Paseo De La Reforma, Apt. 2B, Mexico City, Mexico. On December 8, 1980, petitioner filed motions to dismiss additional excise taxes under section 4942(b) in both cases, and to dismiss the first tier tax in docket No. 19103–80 as a duplicate notice of deficiency. A hearing was held thereon at Washington, D.C., on January 21, 1981, at which respondent appeared and presented argument. At the conclusion of the hearing, the Court took petitioner's motions under advisement. Subsequently, petitioner filed a supplemental brief in each case in support of its motions which were filed on April 3, 1981, by leave of Court.

Section 4942 requires a private foundation to distribute a minimum amount of its income earned during a taxable year. Section 4942(a) imposes an initial tax of 15 percent on the

---

[4]The notices of deficiency were addressed to petitioner in Mexico, allowing 150 days in which to file a petition in this Court. Sec. 6213(a). The envelope in which the petitions were received bears a clearly legible U.S. postmeter stamp date of Oct. 9, 1980. See sec. 7502.

amount of distributable income for a taxable year remaining undistributed as defined by section 4942(c) at the beginning of the second taxable year and each succeeding taxable year following the year with respect to which the distributable amount was computed. If any amount still remains undistributed at the end of the taxable period, as defined in section 4942(j)(1), then section 4942(b) imposes an additional tax of 100 percent of that amount. The taxable period begins on the first day of the taxable year and ends on the earlier of (1) the date of the mailing of the notice of deficiency or (2) the date on which the first tier tax is assessed. Sec. 4942(j)(1).

The first issue involves the question of whether the amendments made to the Internal Revenue Code by chapter 42 of the Second Tier Tax Correction Act of 1980, Pub. L. 96–596, 94 Stat. 3469, signed by the President on December 24, 1980, apply to these cases.

Respondent, in oral argument, contended that these cases are controlled by the amendments to section 4942 made by Pub. L. 96–596, *supra*. Petitioner admits that this act "corrected the jurisdiction defect regarding the imposition of second level excise tax and other technical defects in the prior law," but it argues that the amendments are not applicable to these cases where the notices of deficiency were "mailed to a taxpayer or to taxes assessed" before the date of enactment of the act.[5] The notices of deficiency here were sent on May 14, 1980, and Pub. L. 96–596 was signed into law on December 24, 1980. Instead, petitioner maintains that these cases are controlled by this Court's holdings in *H. Fort Flowers Foundation, Inc. v. Commissioner*, 72 T.C. 399 (1979), appeal dismissed, and *Adams v. Commissioner*, 72 T.C. 81 (1979), on appeal (2d Cir., June 23, 1981). Moreover, in its briefs, petitioner argues that respondent's interpretation would give the act retroactive effect back to an indefinite date with respect to the second tier

---

[5]The above-quoted statements were taken from petitioner's "Statement in Lieu of Appearance at Hearing," filed on Jan. 19, 1981, in *Howell v. Commissioner*, 77 T.C. 916 (1981) (docket No. 19104–80), wherein petitioner there sought to dismiss for lack of jurisdiction second tier excise taxes determined under sec. 4941(b)(1). In that statement we are advised, "Although this case has not been consolidated with the related cases of *The Barth Foundation v. Commissioner*, Docket Nos. 19101–80, 19102–80 and 19103–80, the arguments set forth herein are equally applicable to the related cases."

taxes, which violates due process by failing to clearly express Congress' retroactive intent.

The act clearly provides that its applicability as to second tier taxes is "only with respect to taxes assessed after the date of the enactment of this Act." Pub. L. 96–596, 94 Stat. 3474, sec. 2(d). We addressed this same question of the application of Pub. L. 96–596, *supra*, with respect to second tier taxes imposed by section 4941(b)(1), an analogous provision to section 4942(b) herein under consideration, in *Howell v. Commissioner*, 77 T.C. 916 (1981). After fully considering the statutory language, legislative history, and the relevant case law, we held that the amendments made by Pub. L. 96–596, *supra*, are applicable to these docketed and untried cases. There we found no other alternative but to use the technical meaning of the term "assessment." Inasmuch as section 4942(b) involves the same procedures as section 4941(b), we must and do follow our decision in *Howell*. A tax is not assessed until after our decision becomes final, and since the application of the amendments is dependent upon the date of assessment, those amendments apply to these docketed and untried cases where the second tier taxes imposed by section 4942(b) have not yet been assessed.

Similarly, in *Howell v. Commissioner, supra*, we dismissed petitioner's retroactivity argument. The failure to set a fixed date is not fatal to a retroactive revenue measure. See *Graham & Foster v. Goodcell*, 282 U.S. 409 (1931). Generally, retroactivity of a revenue statute whose purpose is corrective or curative is valid where, as here, the statute applies to acts which, when performed, were subject to an existing tax.

The second issue petitioner raises in docket No. 19103–80 involves its motion to dismiss for lack of jurisdiction because it is based on a duplicate notice, insofar as the first tier tax for the year 1975 is concerned. Petitioner contends that the notice of deficiency sent in docket No. 19103–80 involves the same taxpayer, the same taxable year (1975), and the same tax liability as the notice sent in docket No. 19101–80. As a result, petitioner argues that the statutory notice of deficiency in docket No. 19103–80 is invalid and the case based thereupon should be dismissed. It relies on *McCue v. Commissioner*, 1 T.C. 986 (1943); *American Foundation Co. v. Commissioner*, 2 T.C.

502, 505 (1943); *Reef Corp. v. Commissioner*, T.C. Memo. 1965–72.

These cases are properly cited by petitioner for the proposition that respondent does not have authority to send duplicate notices where the same taxpayer, the same taxable year, and the same tax liability are involved. See also sec. 6212(c). However, this is not the case here.

Respondent maintains that duplicate notices were not sent, but that each notice with respect to the year 1975 relates to a separate act—one, a failure to distribute income earned in 1973 and, two, a failure to distribute income earned in 1974.

We must agree with respondent. Section 4942(a) imposes a tax for failure to distribute a certain amount of income at the beginning of the second taxable year following the year in which the income was earned, and if that income still remains undistributed at the beginning of the next year, section 4942(a) imposes another tax with respect to the same income. That income can continue to be taxed in each succeeding year as long as it remains undistributed, until a notice of deficiency is sent. Our conclusion is supported by the legislative history to the Tax Reform Act of 1969 which provides:

Under this amendment, in general, one notice of deficiency will be sent to a taxpayer with respect to all taxes proposed to be assessed with respect to an act (or failure to act) giving rise to such tax under chapter 42. * * * [H. Rept. 91–413 (1969), 1969–3 C.B. 200, 351.] [6]

Therefore, even though petitioner has been sent two statutory notices for failure to distribute income in 1975, there is no duplication here because each notice relates to a different year in which the income was earned, and thus, each involves a different tax liability.[7] See and compare *S-K Liquidating Co. v. Commissioner*, 64 T.C. 713 (1975).

Petitioner's motion to dismiss additional excise taxes under

---

[6]See also *Adams v. Commissioner*, 72 T.C. 81, 91 n. 14 (1979), on appeal (2d Cir., June 23, 1981).

[7]In *Adams v. Commissioner*, 70 T.C. 373 (1978), six petitions were filed in response to determinations by respondent of deficiencies and additions to the tax against Paul W. Adams, individually and as transferee of Automatic Accounting Co., for separate acts of self-dealing. At least two of the petitions (docket Nos. 6977–74 and 6980–74) involved the same taxable periods concerning taxes imposed under sec. 4941. In that case, it does not appear that the issue of duplicate notices was raised.

section 4942(b) filed in docket No. 19101–80 will be denied. Petitioner's motion to dismiss additional excise taxes under section 4942(b) and to dismiss on grounds of duplication with respect to the first tier taxes for the year 1975 in docket No. 19103–80 will likewise be denied.

*Appropriate orders will be issued.*