STAMM INTERNATIONAL CORP., PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5543–84.     Filed February 25, 1985

*E. A. Dominianni*, for the petitioner.
*Robert B. Marino* and *Raymond J. Farrell*, for the respondent.

OPINION

GERBER, *Judge*: By statutory notice dated December 8, 1983, respondent determined deficiencies in petitioner's Federal corporate income and personal holding company tax as to the

taxable years ended June 30, 1978, 1979, 1980, and 1981, in the amounts of $569,399, $909,614, $1,265,764, and $1,647,793, respectively. Petitioner had previously received a statutory notice for the taxable year ended June 30, 1978, in which a deficiency was determined in a lesser amount ($123,842).

This case is now before the Court on petitioner's motion to dismiss for lack of jurisdiction as to all 4 taxable years. We are asked to decide whether a statutory notice that determines deficiencies for several taxable years, which is a second notice as to one of the years, can be the basis for the jurisdiction of the Court.

Petitioner Stamm International Corp. is a corporation with its principal office located at 321 Commercial Avenue, Palisades Park, New Jersey 07650. For its taxable years ended June 30, 1978, 1979, 1980, and 1981, petitioner filed returns with the Internal Revenue Service Center at Holtsville, New York.

By written agreements pursuant to section 6501(c)(4),[1] petitioner and respondent extended the period for assessment of tax due for the taxable years ended June 30, 1978 and 1979, to December 31, 1983. For the taxable year ended June 30, 1980, the statutory period for assessment expired on December 11, 1983.[2]

On November 3, 1983, and on December 8, 1983, respondent sent statutory notices to petitioner, and copies of the statutory notices to petitioner's representatives. The record in this case concerning the issuance of statutory notices is unduly burdensome. Multiple notices were sent to various addresses, some of which were incorrect. Pursuant to a power of attorney, petitioner's representatives were entitled to receive copies of notices concerning the taxable year ended June 30, 1978.

For purposes of this case, however, it is important to note the following. For the taxable year ended June 30, 1978,

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the years at issue.

[2] Petitioner concedes that the period of limitations for the taxable year ended June 30, 1978, would have expired on Dec. 31, 1983, and has not contested respondent's assertion that the period of limitations for 1979 and 1980 expired as indicated.

The record does not disclose why the statutory period for assessment for the 1980 taxable year would have expired on Dec. 11, 1983.

The record also does not indicate when the statutory period for assessment with respect to the 1981 taxable year would have expired. In general, a tax must be assessed within 3 years of the filing of a return. Sec. 6501.

petitioner received and timely petitioned from a copy of a November 3, 1983, notice sent to its representatives. The other November notices that respondent attempted to send to petitioner were incorrectly addressed and were returned to respondent undelivered. Several notices were sent to the correct addresses of petitioner and its representatives on December 8, 1983. From these notices, two petitions were filed, one for the taxable year ended June 30, 1978, and the other for the taxable years ended June 30, 1978, 1979, 1980, and 1981. From this overabundance of notices and petitions, the issue of the divisibility of a notice has arisen.[3]

---

[3]For purposes of completeness, we provide the following list of statutory notices and copies of statutory notices.

STATUTORY NOTICES AND COPIES OF NOTICES MAILED BY RESPONDENT

| Where and to whom sent | Date sent | Taxable years affected June 30— | Deficiency amounts asserted | Ultimately received by petitioner | Action taken by petitioner |
|---|---|---|---|---|---|
| Stamm International Corp. 321 Commercial Ave. Palisades, N.J. 07024 | Nov. 3, 1983 | 1978 1979 1980 1981 | $123,842 121,295 277,912 487,682 | No | None |
| Stamm International Corp. 400 Commercial Ave. Palisades, N.J. 07024 | Nov. 3, 1983 | 1978 1979 1980 1981 | 123,842 121,295 277,912 487,682 | No | None |
| Stamm International Corp. 400 Commercial Ave. Palisades, N.J. 07024 | Nov. 3, 1983 | 1978 | 123,842 | No | None |
| Emilio A. Dominianni, Esq. Coudert Brothers 200 Park Ave. New York, N.Y. 10166 | Nov. 3, 1983 | 1978 | 123,842 | Yes | Filed petition in docket No. 2690–84 |
| Michael S. Wolff, C.P.A. Alexander Grant & Co. 605 Third Ave. New York, N.Y. 10016 | Nov. 3, 1983 | 1978 | 123,842 | Yes | |
| Stamm International Corp. 321 Commercial Ave. Palisades Park, N.J. 07650 | Dec. 8, 1983 | 1978 1979 1980 1981 | 569,399 909,614 1,265,764 1,647,793 | Yes | Filed petition in docket No. 5543–84 |
| Emilio A. Dominianni, Esq. Coudert Bros. 200 Park Ave. New York, N.Y. 10166 | Dec. 8, 1983 | 1978 | 569,399 | Yes | Filed petition in docket No. 4865–84 |
| Michael S. Wolff, C.P.A. Alexander Grant & Co. 605 Third Ave. New York, N.Y. 10016 | Dec. 8, 1983 | 1978 | 569,399 | Yes | |

On August 22, 1984, this Court heard oral argument on petitioner's motion to dismiss docket Nos. 5543–84[4] (this action) and 4865–84[5] for lack of jurisdiction. Petitioner argued that as to the taxpayer, taxable year, and taxes involved, the notice of deficiency in docket No. 4865–84 was duplicative of the notice in docket No. 2690–84.[6] Respondent did not object to petitioner's motion to dismiss docket No. 4865–84. The Court entered an order dismissing the action in docket No. 4865–84 and took petitioner's motion in this action under advisement.

Petitioner, in its motion, contends that the notice of deficiency in this action is invalid as to 1978 because it is a second notice as to that year; that, because the notice is invalid as to one year, it is invalid as to all years; and, therefore, the Tax Court lacks jurisdiction.[7] Respondent agrees that the notice is invalid as to the taxable year ended June 30, 1978, but asserts that the notice is nevertheless valid for the taxable years ended June 30, 1979, 1980, and 1981, and concludes that the Tax Court has jurisdiction as to the 3 latter years.[8] We agree with respondent's position.

We are unaware of any opinion that has focused on the issue presented in this case. Because our jurisdiction is statutorily limited, the Internal Revenue Code must be the starting point for our analysis. Where the Secretary of the Treasury determines a deficiency in tax, the Secretary is authorized under section 6212(a) to send notice of the deficiency to the taxpayer involved. The notice of deficiency is sufficient if mailed to the taxpayer at his last known address. Sec. 6212(b). As to subsequent notices of deficiency, section 6212(c), in pertinent part, provides as follows:

SEC. 6212(c). FURTHER DEFICIENCY LETTERS RESTRICTED.—
(1) GENERAL RULE.—If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the

---

[4]Involving all 4 taxable years and arising from a Dec. 8, 1983, notice.

[5]Involving the taxable year ended June 30, 1978, only, and arising from a Dec. 8, 1983, notice.

[6]Involving the taxable year ended June 30, 1978, only, and arising from a copy of the Nov. 3, 1983, notice sent to petitioner's representatives.

[7]Were we to find the notice in this action entirely invalid, expiration of the statutory period for assessment for 1978, 1979, and 1980 would prevent respondent from again issuing notices for those years.

[8]Respondent maintains that the petition in this action does not give the Court jurisdiction over 1978, but that the petition in docket No. 2690–84 does.

Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year * * *

In the matter before us, notices of deficiency were mailed on November 3 and December 8, 1983.[9] Petitioner filed a petition (docket No. 2690–84) from a copy of a statutory notice for 1978 mailed to its representatives on November 3.[10] Petitioner also filed a petition (this action) based on the notice of deficiency for the taxable years ended June 30, 1978, 1979, 1980, and 1981, mailed to it on December 8, 1983. Where a taxpayer files a petition from a notice of deficiency, respondent has no authority to send the taxpayer a second notice for the same taxable year and tax liability. *Barth Foundation v. Commissioner*, 77 T.C. 1008, 1013 (1981); *McCue v. Commissioner*, 1 T.C. 986 (1943). Accordingly, the notice of deficiency in this action, which was a second notice as to the taxable year ended June 30, 1978, is invalid for that year. A valid petition is the basis of the Tax Court's jurisdiction. To be valid, a petition must be filed from a valid statutory notice. See *Midland Mortgage Co. v. Commissioner*, 73 T.C. 902, 907 (1980); *McCue v. Commissioner, supra* at 988. The Court therefore has no jurisdiction as to the taxable year ended June 30, 1978, from the petition filed in this action since the petition is invalid as to that year.

In order to decide whether the statutory notice of deficiency in this action is nevertheless valid as to the taxable years ended June 30, 1979, 1980, and 1981, we must consider the function of the notice. A statutory notice of deficiency is a jurisdictional prerequisite to a taxpayer's suit seeking the Tax Court's redetermination of respondent's determination of the tax liability. *Laing v. United States*, 423 U.S. 161, 165 n. 4 (1976). No particular form is required for a statutory notice of deficiency. *Scar v. Commissioner*, 81 T.C. 855, 860 (1983); *Foster v. Commissioner*, 80 T.C. 34, 229 (1983), on appeal (9th Cir., Sept. 30, 1983); *Jarvis v. Commissioner*, 78 T.C. 646, 655

[9]The notices of deficiency mailed on Nov. 3 to Palisades, New Jersey, were nullities because they were not sent to petitioner's last known address and were undelivered. See *Reddock v. Commissioner*, 72 T.C. 21, 27 (1979).

[10]This document reflects petitioner's address as 321 Commercial Avenue, Palisades, New Jersey 07204. The record suggests that this document is a copy of a notice for the taxable year ended June 30, 1978, the original of which petitioner never received.

Petitioner's representatives also received a copy of the statutory notice for 1978 mailed to petitioner at 400 Commercial Avenue, Palisades, New Jersey 07024.

(1982). All that is required is that the notice provide formal notification that a deficiency in tax has been determined.[11] *Foster v. Commissioner, supra* at 229. "[T]he notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir. 1937).

Petitioner asserts, "where a court's jurisdiction over a matter is strictly statutory,[12] there must be complete and exact compliance with the statutory requirements before jurisdiction is perfected." Petitioner cites numerous cases, none of which concern Federal taxation, for the proposition that a notice of deficiency that spans several tax years must be valid for each year in order for this Court to have jurisdiction over any of the years. Statutory and case law on Federal taxation, however, simply do not support petitioner's position.

As our decision in *Baron v. Commissioner*, 71 T.C. 1028 (1979), illustrates, a statutory notice is not wholly invalid where the petition filed from it is invalid in part for lack of jurisdiction. In *Baron v. Commissioner, supra*, a notice of deficiency was jointly issued to a husband and wife, who petitioned the Tax Court for redetermination of their tax liability. The statutory notice was sent after the husband had been adjudicated a bankrupt. The taxpayers argued that under section 6871(b),[13] the Tax Court lacked jurisdiction as to

---

[11]Where a valid notice of deficiency is mailed to the wrong address, the Tax Court may nevertheless have jurisdiction. See, e.g., *Mulvania v. Commissioner*, 81 T.C. 65 (1983) (notice of deficiency received by taxpayer's former wife at what may not have been taxpayer's last known address and given to him 16 days later, valid because taxpayer received it early enough to file a timely petition); *Frieling v. Commissioner*, 81 T.C. 42 (1983) (notice of deficiency, though not sent to taxpayer's last known address, valid where taxpayer actually received the notice within 90 days of its mailing and timely filed a petition).

[12]As petitioner correctly notes, the jurisdiction of the Tax Court derives from sec. 7442 and is strictly statutory.

[13]For the taxable year at issue, sec. 6871(b) read as follows:

SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

the husband and therefore the statutory notice was null as to him; and that, because the notice had been issued jointly, it was null as to the wife as well. Although we agreed with the taxpayers that the Tax Court had no jurisdiction over the husband, we nevertheless found the statutory notice valid with respect to the wife and held that the Tax Court had jurisdiction as to her, since she was a separate taxpayer and section 6871(b) did not prohibit *her* from filing a petition with the Court.

The jurisdiction of the Tax Court over separate taxable years, rather than as to separate taxpayers, is at issue in this case. Taxes are levied annually, and each taxable year may be the basis of a separate cause of action. *Commissioner v. Sunnen*, 333 U.S. 591, 598 (1948). Where the Commissioner determines a deficiency as to several taxable years, the taxpayer may petition the Tax Court to redetermine the deficiency as to any or all of the years. *John R. Thompson Co. v. Commissioner*, 10 B.T.A. 57, 61 (1928). For example, where the Commissioner in a statutory notice determines a deficiency as to two separate taxable years, the taxpayer may file a petition with respect to one or both years (or may file no petition and pay the determined deficiencies). Likewise, a taxpayer may file one petition contesting deficiencies determined for multiple years in separate notices. *Egan v. Commissioner*, 41 B.T.A. 204 (1940). In *Baron v. Commissioner, supra*, we held that a statutory notice sent jointly to separate taxpayers was valid as to one taxpayer, even though the Tax Court lacked jurisdiction as to the other taxpayer. Similarly, we regard a notice as to several separate taxable years as divisible: the notice may be valid with respect to certain taxable years even though, with respect to other years, the notice is invalid and the Tax Court consequently lacks jurisdiction. Cf. *S-K Liquidating Co. v. Commissioner*, 64 T.C. 713 (1975).

In the matter before us, had respondent on December 8, 1983, sent petitioner separate notices of deficiency for the taxable years ended June 30, 1978, 1979, 1980, and 1981, and had petitioner timely filed separate petitions for each of those years, the Court would have had jurisdiction as to the taxable years ended June 30, 1979, 1980, and 1981. We know of no reason to reach a different result because respondent used one

notice determining deficiencies in each of 4 separate taxable years, from which a single petition was filed.

The statutory notice in this action advised petitioner that the Commissioner had determined deficiencies in petitioner's taxable years ended June 30, 1979, 1980, and 1981, in amounts that the notice set forth.[14] That was all that was necessary for the notice to be valid for those years. See *Scar v. Commissioner, supra* at 860–861; *Foster v. Commissioner, supra* at 229–230. We hold that the petition filed from the instant notice gave this Court jurisdiction over the deficiencies respondent determined for the taxable years ended June 30, 1979, 1980, and 1981.

Accordingly, petitioner's motion to dismiss will be granted as to the taxable year ended June 30, 1978, and denied as to the taxable years ended June 30, 1979, 1980, and 1981. To reflect the foregoing,

*An appropriate order will be entered.*

---

[14]As we have discussed, the Commissioner also determined a deficiency as to 1978, but the notice was an invalid second notice as to that year.