ROBERT S. SCHOENFELD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schoenfeld v. Commissioner
Docket No. 23760-92
United States Tax Court
T.C. Memo 1993-303; 1993 Tax Ct. Memo LEXIS 302; 66 T.C.M. (CCH) 97; July 13, 1993, Filed *302 An order will be entered granting respondent's motion to dismiss for lack of jurisdiction. For petitioner: Peter Driscoll. For respondent: Blaise Gately and William T. Lyons. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE CHIEF SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue to be decided is whether petitioner Robert S. Schoenfeld filed a timely petition for redetermination under section 6213(a). Background
Petitioner filed a delinquent Federal income tax return for the 1988 taxable *303 year in August, 1989. The address listed by petitioner on this return is 404 Fifth Avenue, Asbury Park, New Jersey. There is no record of any tax returns having been filed by petitioner after August 1989 and before July 9, 1992. On July 9, 1992, respondent sent original statutory notices of deficiency to petitioner by certified mail, determining a deficiency in and additions to petitioner's Federal income tax for the taxable year 1988 as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1)
Sec. 6661
$ 68,352
$ 3,418
$ 17,088
The notices were mailed to petitioner at four separate addresses: 507B Middlesex Avenue, Metuchen, New Jersey; 907 Woodbridge Commons Way, Iselin, New Jersey; 404 Fifth Avenue, Asbury Park, New Jersey; 40 Beechwood Avenue, Bogota, New Jersey. The U.S. Postal Service returned each of these notices to respondent undelivered, indicating that the addressee was either unknown or had moved and left no forwarding address. Pursuant to a cover letter dated July 16, 1992, the first page of the four original deficiency notices, along with one complete copy of the deficiency notice, were remailed to petitioner at two addresses: 274 Bath Avenue #4, *304 Long Branch, New Jersey, and 7 Highway 27 Tower Bldg. G, Ste. 110, Edison, New Jersey. The cover letter dated July 16, 1992, signed by Revenue Agent Richard Diamond, states in pertinent part: DEAR TAXPAYERS: The notice of deficiency which was mailed to you by certified mail on July 9, 1992, and which was returned by the U.S. Postal Service with the notation stamped thereon, Undeliverable/Moved left no address is hereby reissued to you. You are advised that there in no provision in the law for the suspension of the 90(150)-day period provided for the filing of a petition in the United States Tax Court. You are further advised that if you file a petition, it must be filed with the United States Tax Court in Washington, D.C., within 90(150) days from the date shown at the top of this letter. The 90(150)-day period will expire on October 23, 1992.
The letter identifies Revenue Agent Diamond as the person to contact and includes his telephone number. The package mailed to petitioner at the Edison address was returned to respondent undelivered. The package mailed to petitioner at the Long Branch address was accepted and signed for by Arnold Schoenfeld sometime within *305 15 days of its arrival in the Long Branch post office. It appears that Arnold Schoenfeld is petitioner's father and that the package in question was subsequently forwarded to either petitioner or his accountant. Petitioner mailed a petition for redetermination to the Court on October 23, 1992. The petition was received and filed by the Court on October 26, 1992. Respondent subsequently filed a motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file his petition within the 90-day period prescribed in section 6213(a). Petitioner filed a response to respondent's motion and a hearing was held at a motions session of the Court in Washington, D.C. Counsel for the respective parties appeared at the hearing and presented argument. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a) and (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. & Normac International v. Commissioner, 90 T.C. 142, 147 (1988). *306 Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If the notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra.The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). The phrase "last known address" is not defined in the Internal Revenue Code or the regulations. We have held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The burden of proving that the notice *307 of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808. The July 9, 1992, Notice of Deficiency
In this case there is no dispute that the notice sent to petitioner at the Asbury Park address on July 9, 1992, constitutes a valid notice of deficiency. Petitioner does not dispute that the Asbury Park address was his last known address in July 1992. It follows that the 90-day period for filing a timely petition with this Court expired on Monday, October 7, 1992, a day that was not a legal holiday in the District of Columbia. See sec. 6213(a). The petition filed on October 26, 1992, was mailed to the Court in an envelope bearing a private postage meter date of October 23, 1992. Obviously, the petition was not timely filed with respect to the notice dated July 9, 1992. Failure to file a petition within the prescribed period deprives this Court of jurisdiction. Rule 13(a) and (c); Normac, Inc. & Normac International v. Commissioner, supra.
The July 16, 1992, Letter
Were we concerned only with the notice dated July 9, 1992, we would end our *308 inquiry. However, petitioner contends that respondent's motion to dismiss should be denied on either of two alternative grounds. First, petitioner contends that his petition was timely filed given that it was placed in the mail on October 23, 1992 -- the date mentioned as the last day for filing a timely petition in the letter from Revenue Agent Diamond dated July 16, 1992. In the alternative, petitioner contends that this case should be dismissed on the ground that the July 16, 1992, letter is sufficiently misleading as to constitute an invalid statutory notice of deficiency. Finally, if the actions of respondent are upheld, petitioner argues his rights under the Fifth Amendment will be violated. We disagree with petitioner on all points. In the first instance, we question whether the July 16, 1992, letter was intended to serve as a deficiency notice or whether the letter was merely a well-intended (but misguided) effort to advise petitioner that a notice of deficiency had been issued to him on July 9, 1992. [2] The July 16, 1992, letter refers to the deficiency notice being "reissued to you". It also refers to the date of the letter (July 16, 1992) as the operative date for *309 computing the time for filing a petition and then provides an erroneous date for filing a petition. In contrast, however, the letter advises petitioner that there can be no suspension of the statutory 90-day filing period.
Even if the letter, with attachments, is properly considered a notice of deficiency, we hold that it provided petitioner with sufficient notice to file a timely petition for redetermination. [3] We have often said that no particular form is required for a statutory notice of deficiency. Jarvis v. Commissioner, 78 T.C. 646, 655 (1982); Lerer v. Commissioner, 52 T.C. 358, 363 (1969). At a minimum, the notice must indicate that respondent has determined a deficiency *310 in tax in a determinate amount for a particular taxable year and that respondent intends to assess the tax in due course. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967). There is no question that the letter, including attachments, satisfied these fundamental requirements. Assuming that the letter, with attachments, is treated as a deficiency notice, we are not persuaded, as petitioner contends, that the misstatement in the letter respecting the deadline for filing a petition for redetermination served to extend the statutory 90-day filing period. Section 6213(a) states in unambiguous terms that a petition must be filed within 90 *311 days after the notice of deficiency authorized under section 6212(a) is mailed. This Court's jurisdiction is narrowly defined by statute, and the 90-day period for filing a petition for redetermination cannot be extended by the Court. Rule 25(c); see Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Nor is the 90-day filing period extended by the misstatement of a revenue agent. [4] Thus, assuming the July 16, 1992, letter with attachments, constituted a notice of deficiency, the 90-day period for filing a timely petition expired on October 14, 1992 -- prior to the date the petition was filed. *312 As a final matter, we reject petitioner's alternative contentions that this case should be dismissed on the ground that the July 16, 1992, letter is an invalid notice of deficiency or that petitioner's rights under the Fifth Amendment were somehow violated. As indicated, if the letter is treated as a deficiency notice, it was sufficient to advise petitioner that respondent had determined a deficiency in tax in a determinate amount for a particular taxable year and that respondent intended to assess the tax. See Perlmutter v. Commissioner, supra.
Petitioner failed to file a timely petition for redetermination with respect to either the July 9, 1992, deficiency notice or the July 16, 1992, letter. Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted. An order will be entered granting respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. As a general rule, this Court has no jurisdiction over a petition filed with respect to a letter from respondent to the taxpayer which was not intended to constitute a notice of deficiency. Lerer v. Commissioner, 52 T.C. 358, 362-366↩ (1969).
3. Neither party suggests that sec. 6212(c)(1) relating to restrictions on further deficiency letters, would prohibit the July 16, 1992, letter with attachments, from being considered a notice of deficiency.↩
4. Petitioner's argument on this point can be interpreted as asserting that respondent is estopped to deny the extension of the 90-day filing period. However, as a court of limited jurisdiction, we may not apply equitable principles, such as estoppel, to take jurisdiction over a matter not authorized by statute. Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990). Accordingly, while the revenue agent's error may have influenced petitioner's actions, there is still no basis for creating jurisdiction where none otherwise exists. Sec. 7442; Stamm International Corp. v. Commissioner, 84 T.C. 248, 253 n.12 (1985); see Energy Resources, Ltd. v. Commissioner, 91 T.C. 913, 917↩ (1988).