T.C. Memo. 1998-108


UNITED STATES TAX COURT


GREGORY POWELL & ARAMINTA D. MORTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16476-97.                    Filed March 17, 1998.


Gregory Powell, pro se.

<u>Ruth Perez</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on respondent's motion to dismiss for lack of jurisdiction, filed pursuant to Rule 53. Respondent contends that dismissal is warranted on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502. In contrast, petitioners contend respondent's motion to dismiss should be denied on the theory that the original notice of deficiency was rescinded and supplanted with an "amended" notice of deficiency which is the subject of their timely filed petition.

Background

At the time the petition was filed with the Court, petitioners resided in Upper Marlboro, Maryland.

On April 28, 1997, respondent mailed a joint notice of deficiency to petitioners determining a deficiency in their Federal income tax for 1994 in the amount of $2,392. Included with the notice of deficiency was a Form 4549 (also known as an examination report) dated March 13, 1997. The examination report reveals that the deficiency is attributable primarily to the disallowance of Schedule C deductions.

At the time the notice of deficiency was issued in this case, petitioners were advised that respondent's agent would continue to review materials submitted by petitioners for the purpose of substantiating their claimed deductions. In this regard, on June 4, 1997, respondent's agent issued a revised

examination report to petitioners proposing to reduce the amount of the previously determined deficiency to $2,227.

Upon receiving the revised examination report, petitioners believed that the notice of deficiency dated April 28, 1997, had been rescinded, that the revised examination report was intended to serve as an "amended" notice of deficiency, and that the 90-day period for filing a timely petition for redetermination with the Court would run from June 4, 1997.

On August 4, 1997, petitioners filed a joint petition for redetermination with the Court. Attached to the petition is a copy of the examination report dated June 4, 1997. The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of July 31, 1997.

In response to the petition, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. Petitioners filed an objection to respondent's motion to dismiss alleging that "a New and amended Deficiency Notice dated June 4, 1997 was mailed to Petitioner, but, a NEW Certified Letter which was to be mailed along with the NEW Deficiency Notice was never issued". Respondent filed a response to petitioners' objection denying that the revised examination report issued to petitioners on June 4, 1997, constituted a "new and amended" notice of deficiency or served to rescind the notice of deficiency dated April 28, 1997.

Petitioners filed a response to respondent's response which states in pertinent part as follows:

> Petitioners were informed by I.R.S. Auditor that additional information received late was being considered and processed. This action by the I.R.S. Auditor constitutes an implied extension on the part of the Respondent. Petitioners would not have any way of knowing what if any deduction had to be petitioned to the Court until a final decision was rendered by the Auditor. * * *

A hearing was conducted at the Court's motions session in Washington, D.C. Petitioner Gregory Powell and counsel for respondent appeared at the hearing and presented argument respecting respondent's motion to dismiss. During the hearing, Mr. Powell conceded that the revised examination report was mailed to him without a cover letter and that he did not otherwise discuss the continuing validity of the April 28, 1997, notice of deficiency with respondent's agent. There is no evidence in the record that petitioners ever requested Form 8626 (Agreement to Rescind Notice of Deficiency) from respondent or that respondent's agents ever proffered Form 8626 to petitioners.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. & Normac Intl. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of

deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's last known address. Sec. 6212(b)(1). Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.

Section 6212(d) authorizes the Commissioner, with the consent of the taxpayer, to rescind any notice of deficiency mailed to the taxpayer. If a notice of deficiency is rescinded, the taxpayer has no right to file a petition with the Court based on such a notice. Moreover, a notice that is rescinded is not treated as a notice of deficiency for purposes of section 6212(c)(1), which restricts the issuance of further notices of deficiency. Sec. 6212(d).

The parties do not dispute that the notice of deficiency was mailed to petitioners at petitioners' last known address, nor do the parties dispute that the petition was mailed and filed more than 90 days after the issuance of such notice.[2] Respondent contends that this case should be dismissed for lack of

---

[2] The 90-day period for filing a timely petition for redetermination with respect to the notice of deficiency dated Apr. 28, 1997, expired on July 28, 1997. However, the petition was not mailed to the Court until July 31, 1997.

jurisdiction because the petition was not filed within the time provided by sections 6213(a) and 7502.  In contrast, petitioners contend that the notice of deficiency was rescinded and supplanted by the revised examination report dated June 4, 1997, and that their petition was timely filed when measured from the date of mailing of such report.

Petitioners' contention that the notice of deficiency was rescinded is similar to an argument that the Court considered and rejected in Slattery v. Commissioner, T.C. Memo. 1995-274.  In Slattery, we declined to find that the notice of deficiency had been rescinded as follows:

> We now turn to the question of whether the notice of deficiency was rescinded.  Section 6212(d) provides that the Secretary may, with the consent of the taxpayer, rescind any notice of deficiency mailed to the taxpayer.  Clearly, the statute requires mutual consent by the Secretary and the taxpayer to effect a rescission of a notice of deficiency.[4]  We know of no authority deeming a notice of deficiency rescinded in absence of a formal rescission.  While the facts presented herein may suggest that respondent considered a rescission, she did not consent to a rescission.  Returning a case file from the 90-day section of respondent's office to the examination division for purposes of a conference is not tantamount to a rescission, even though the conference, due to miscommunication, was eventually scheduled for a date subsequent to the running of the 90-day period.  Accordingly, we conclude that the notice of deficiency involved herein was not rescinded pursuant to section 6212(d).

---

[4] The Internal Revenue Service has provided guidance to taxpayers wishing to consent to the rescission of a notice of deficiency.  See Rev. Proc. 88-17, 1988-1 C.B. 692.  This revenue procedure requires the taxpayer to request Form 8626, Agreement

to Rescind Notice of Deficiency, which becomes
effective when executed on behalf of the Commissioner.

Although petitioners in the present case may have believed that the notice of deficiency had been rescinded, the rescission of a notice of deficiency is not a function of the taxpayer's subjective belief.  Rather, the rescission of a notice of deficiency requires mutual consent by the Commissioner and the taxpayer, and such mutual consent must be objectively apparent.

In the present case, there is no objective manifestation of mutual consent by respondent and petitioners to rescind the notice of deficiency.  In fact, there is no evidence that respondent ever contemplated the rescission of such notice.

Further consideration of a taxpayer's case after the mailing of the notice of deficiency, coupled with respondent's concession of a portion of the previously determined deficiency, does not result in the rescission of the notice of deficiency.[3] Hesse v. Commissioner, T.C. Memo. 1997-333; Mullings v. Commissioner, T.C. Memo. 1997-114; Slattery v. Commissioner, supra.  Accordingly, we hold that the notice of deficiency was not rescinded pursuant to section 6212(d).

---

[3] Although Rev. Proc. 88-17, sec. 3.04(2), 1988-1 C.B. 692, 693, states that the Commissioner may (with the taxpayer's consent) agree to rescind a notice of deficiency "If the taxpayer submits information establishing the actual tax due to be less than the amount shown in the notice", the revenue procedure is permissive rather than mandatory and does not alter our holding in this case.

We now turn to petitioners' alternative contention that the revised examination report dated June 4, 1997, constitutes a second notice of deficiency.  In this regard, petitioners point out that their petition was timely filed if measured from the date of mailing of such letter.

It is well established that the Court lacks jurisdiction over a petition that is filed with respect to a letter from the Commissioner to the taxpayer that was not intended to constitute a notice of deficiency.  See Lerer v. Commissioner, 52 T.C. 358, 362-366 (1969); Schoenfeld v. Commissioner, T.C. Memo. 1993-303, n.2.  In applying this principle in the present case, we are satisfied that respondent did not intend for the revised examination report to be considered a notice of deficiency.  Rather, the report merely served to advise petitioners that respondent had considered the information that petitioners had furnished and had concluded that such information provided adequate substantiation for a small reduction in the amount of the determination previously made.  The notice of deficiency dated April 28, 1997 states in clear language that "This letter is a NOTICE OF DEFICIENCY * * *.  * * * you have 90 days from the above mailing date of this letter * * * to file a petition with the United States Tax Court".  We note that there is no record of a transmittal letter having been sent with the revised examination report dated June 4, 1997.  Thus, there is nothing in

this record indicating that petitioners were advised that the revised examination report constituted a notice of deficiency or that petitioners had additional time to file a petition. Consequently, we hold that the revised examination report does not constitute a second notice of deficiency.

Conclusion

Because petitioners did not file their petition with the Court within the time prescribed by sections 6213(a) and 7502, we lack jurisdiction to redetermine petitioners' tax liability for the year in issue. Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction.[4]

To reflect the foregoing,

An order granting respondent's motion to dismiss for lack of jurisdiction will be entered.

---

[4] Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy. Specifically, they may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims. McCormick v. Commissioner, 55 T.C. 138, 142 (1970).