T.C. Memo. 2000-251


UNITED STATES TAX COURT


JOSE GUABA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17896-99.                    Filed August 10, 2000.


Bernard Lambert, for petitioner.

Joanne B. Minsky and Katrine Shelton, for respondent.


MEMORANDUM OPINION


PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  As discussed in detail below, we will grant respondent's motion.

Background

On June 28, 1995, petitioner and his wife filed a bankruptcy petition with the U.S. Bankruptcy Court for the District of New Jersey. The bankruptcy court issued a discharge order to petitioner in the aforementioned bankruptcy case on October 13, 1995.

On October 28, 1998, respondent issued a notice of deficiency to petitioner determining a deficiency in his Federal income tax for 1996 of $21,799 and an addition to tax pursuant to section 6651(a)(1) in the amount of $4,904.77. Respondent mailed the notice to petitioner at 6405 W. Larmon St., Tampa, Florida 33634 (the Tampa address). Although petitioner asserts that he did not receive the notice of deficiency, petitioner does not contend that the Tampa address was not his last known address.

On March 29, 1999, after the expiration of the 90-day period for filing a petition with the Court, respondent entered an assessment against petitioner for the tax and addition to tax set forth in the notice of deficiency for 1996. On May 12, 1999, petitioner's counsel wrote a letter to the Internal Revenue Service's Atlanta Service Center which stated in pertinent part:

> This office represents Mr. Jose Guaba regarding income (Form 1040) taxes for tax year 1996. A copy of Form 2848 (Power of Attorney) is enclosed for your records.
>
> It appears that the suggested additional assessment is based on the transactions surrounding the foreclosure of Mr. Guaba's home. It also appears that

pertinent information was not available to the IRS in preparing the proposed assessment. For your review, I have included a copy of the bankruptcy petition filed in connection with the foreclosure as well as a copy of the discharge order.

I trust once you review the documentation, an adjustment will be made to cancel the proposed assessment.

Petitioner's case was referred to a Problem Resolution Officer within the Atlanta Service Center.

The Problem Resolution Officer treated the above-described letter as a request for an abatement and/or a claim for refund for 1996. On August 23, 1999, the Atlanta Service Center issued a letter to petitioner which stated in pertinent part:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

Your claim must state in detail the grounds for credit or refund and give necessary facts. The bankruptcy records received seem to indicate the petition was prior to 1996 tax year, therefore tax assessment procedures will continue.

There are exclusions from gross income of debt cancellation as cited under Code Section 108. Please resubmit your claim with specific reasons for abatement of tax. We are closing your case in the Problem Resolution Program. We apologize for any inconvenience this may have caused you.

If you want to appeal our decision to disallow your claim(s), you must file a petition with the United States Tax Court within 90 days from the date of this letter. Write to the United States Tax Court * * * to get the petition form. Return the completed petition form along with a copy of this letter to the same address within 90 days from the date of this letter.

On November 29, 1999, petitioner filed a petition with the Court including as an attachment a copy of the August 23, 1999, letter. At the time the petition was filed, petitioner resided at the Tampa address. The petition arrived at the Court in an envelope bearing a private postage meter postmark date of November 19, 1999, and a U.S. Postal Service postmark date of November 24, 1999.

Respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that: (1) The petition was not timely filed with respect to the notice of deficiency dated October 28, 1998; (2) the August 23, 1999, letter does not constitute a notice of deficiency; and (3) the petition was not timely filed even if the August 23, 1999, letter is considered a notice of deficiency.

Petitioner filed an objection to respondent's motion arguing that: (1) He did not receive the notice of deficiency dated October 28, 1998; (2) the August 23, 1999, letter should be considered a notice of deficiency; and (3) the petition was timely mailed to the Court on November 19, 1999.

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss. During the hearing, counsel for respondent informed the Court that respondent had no record that the notice

of deficiency dated October 28, 1998, had been returned to respondent undelivered.  No appearance was made by or on behalf of petitioner at the hearing.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  See Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  See sec. 6213(a).

The record in this case shows that respondent mailed a notice of deficiency to petitioner for the 1996 taxable year on October 28, 1998.  However, the petition in this case was not

filed until November 29, 1999--over a year after the mailing of the notice of deficiency.  Although petitioner contends that he did not receive the notice of deficiency, there is no allegation that the notice was not mailed to petitioner's last known address.  Moreover, respondent informed the Court that there is no indication that the notice was returned to respondent undelivered.  We note that the notice of deficiency was mailed to the same Tampa address where petitioner was residing at the time he filed the petition in this case.  Under the circumstances, we conclude that respondent mailed a valid notice of deficiency to petitioner on October 28, 1998, and that petitioner failed to file a petition within the 90-day period prescribed in section 6213(a).  It follows that we lack jurisdiction over the petition.

Petitioner contends that the letter that the Atlanta Service Center mailed to him on August 23, 1999, constitutes a notice of deficiency.  We disagree.  It is well settled that the Court lacks jurisdiction over a petition that is filed with respect to a letter from the Commissioner that was not intended to constitute a notice of deficiency.  See Lerer v. Commissioner, 52 T.C. 358, 362-366 (1969); Powell v. Commissioner, T.C. Memo. 1998-108; Schoenfeld v. Commissioner, T.C. Memo. 1993-303.  In applying this principle in the present case, we are satisfied that respondent did not intend for the August 23, 1999, letter to be considered a notice of deficiency.

Read in context, it is evident that the August 23, 1999, letter was not intended to serve as a notice of deficiency but rather was issued to inform petitioner that respondent would not abate the assessment entered against petitioner for the 1996 taxable year. Petitioner had defaulted with respect to the notice of deficiency dated October 28, 1998, and respondent had entered an assessment against petitioner for the tax and addition to tax set forth in the notice. Thereafter, petitioner's counsel had written to the Atlanta Service Center in an effort to have the assessment abated. Against this background, personnel within the Atlanta Service Center had, in their discretion, given petitioner a further opportunity to demonstrate that the assessment for 1996 was incorrect. The letter, which informs petitioner that his abatement claim was rejected, simply does not purport to determine a deficiency. Although the letter contains language suggesting that petitioner would be permitted to contest the denial of his claim in the Tax Court, the erroneous inclusion of such language in the letter does not convert the letter into a notice of deficiency.[1]

---

[1] Even assuming for the sake of argument that the Aug. 23, 1999, letter constitutes a notice of deficiency, the petition was not timely filed. In particular, the petition arrived at the Court in an envelope bearing a private postage meter postmark date of Nov. 19, 1999, and a U.S. Postal Service postmark date of Nov. 24, 1999. For purposes of the timely mailing/timely filing provisions contained in sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs., the U.S. Postal Service postmark date of Nov. 24, 1999, is controlling for purposes of determining whether the
(continued...)

Consistent with the preceding discussion, we conclude that we lack jurisdiction in this case because of petitioner's failure to file a timely petition with the Court.  Accordingly, we will grant respondent's motion to dismiss.[2]

<u>An order will be entered</u>

<u>granting respondent's Motion to</u>

<u>Dismiss for Lack of Jurisdiction</u>.

---

[1](...continued)
petition was timely filed.  See <u>Lowman v. Commissioner</u>, T.C. Memo. 1988-157.  Because the 90-day filing period would have expired on Nov. 22, 1999, the petition was not timely filed.

[2]  We note that although petitioner cannot pursue his case in this Court, he is not without a remedy.  In short, petitioner may pay the tax, file a claim for a refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the U.S. District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).